THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



June 28, 1976

The Honorable Jackie W. St. Clair    Opinion No. H- 842
Commissioner
Texas Department of Labor & Standards    Re: Authority of
P. O. Box 12157, Capitol Station    Texas Department of
Austin, Texas   78711    Labor and Standards
in enforcement of
Payment of Wages
Statutes.

Dear Mr. St. Clair:

You have requested our opinion on a number of questions regarding the Texas payment of wages statutes, articles 5155-5159, V.T.C.S. Your first two questions inquire whether the Department of Labor and Standards is authorized or required to collect back wages owing to employees or former employees of a regulated employer, and, in addition, whether the Department is authorized to obtain and hold in trust for an employee an assignment of wages against a covered employer upon the filing of a complaint for an alleged violation of these statutes.

The Commissioner of Labor Statistics is directed by article 5159 to

> inquire diligently for violations of
> this chapter and institute prosecu-
> tions and see that the same are carried to
> final termination and generally to see to
> the enforcement of the provision hereof.

The "prosecutions" contemplated by article 5159 are those detailed under article 5157:

> Every person, partnership or corporation, willfully failing or refusing to pay the wages of any employee at the time and in the manner provided in this statute shall forfeit to the State of Texas the sum of fifty dollars for each and every such failure or refusal. Suits for penalties accruing under this law shall be brought in any court having jurisdiction of the amount in the county in which the employee should have been paid, or where employed. Such suits shall be instituted at the direction of the Commissioner of Labor Statistics by the Attorney General or under his direction, or by the County or District Attorney for the county or district in which suit is brought.

No statute authorizes the Commissioner to take any action to collect back wages owing to employees or to obtain from an employee an assignment of wages when a complaint is filed. It is well established that

> an administrative agency . . . has only such powers as are expressly granted to it by statute together with those necessarily implied from the authority conferred or duties imposed. Stauffer v. City of San Antonio, 344 S.W.2d 158, 160 (Tex. Sup. 1961).

In our opinion, the payment of wages statutes cannot be construed, either expressly or by implication, to permit the Commissioner to collect back wages or to obtain assignments of wages. Thus, we answer your first two questions in the negative.

You also ask whether a regulated employer violates the payment of wages statutes if he fails to pay an employee on a previously designated date, and, if so, what particular circumstances constitute a violation. Article 5155 provides:

> Every person, each manufacturing,
> mercantile, mining, quarrying, railroad,
> street railway, canal, oil, steamboat,
> telegraph, telephone and express company,
> employing one (1) or more persons, and
> each and every water company not operated
> by a municipal corporation, and each and
> every wharf company, and every other
> corporation engaged in any business within
> this State, or any person, firm or corpora-
> tion engaged in or upon any public work
> for the State or for any county or any munici-
> pal corporation thereof, either as a con-
> tractor or a subcontractor, therewith, shall
> pay each of its employees the wages earned by
> him or her as often as semimonthly, and pay
> to a day not more than sixteen (16) days
> prior to the day of payment.

This statute must be read in conjunction with article 5156, in order to determine what is required of employers:

> An employee who is absent at the time
> fixed for payment, or who for any other
> reason is not paid at the time, shall be
> paid thereafter on six days' demand.
> Any employee leaving his or her employ-
> ment, or discharged therefrom, shall be
> paid in full on six days' demand.

We believe that article 5156 means that an employee has a right to rely on his employer's promise as to the date on which wages will be paid. Subject to the overriding provisions of article 5155, the precise date of payment depends upon the terms of the contract between the employer and his employee. But if a date has been designated as a pay day, and the employee does not receive his wages at that time, he may invoke the operation of article 5156 by making a demand on his employer. If the employee does not receive his wages within six days of the date of such demand, the employer is in violation of the statute, and thus subject to the fifty dollar civil penalty of article 5157.

The Honorable Jackie W. St. Clair - page 4 (H-842)

An employer may also violate article 5155 by failing to pay his employees at least as often as semimonthly, or by failing to "pay to a day not more than 16 days prior to the date of payment." In the first case, we believe that only one violation per employee occurs for failure to pay semimonthly. In the latter instance, however, a new violation may be deemed to occur for each new day's wages which become overdue. For example, an employer who is scheduled to pay wages on April 30 is in violation of the statute if on that date his employees are not or have not previously been paid for work performed through April 14. On May 1, a new violation occurs for work performed on April 15, and each day thereafter for each new day's wages which become overdue. Furthermore, if an employee makes a demand on April 30 for payment of wages through April 14, a separate and additional violation for non-payment of such wages will occur on May 6. See generally Attorney General Opinion H-388 (1974).

### S U M M A R Y

The Commissioner of Labor Statistics is not authorized to collect back wages owing to employees or former employees of a regulated employer, nor to obtain and hold in trust from an employee an assignment of wages for an alleged violation of articles 5155-5159, V.T.C.S. An employer violates article 5155 by failing to pay wages "to a day not more than 16 days prior to the date of payment," and a new violation occurs for each new day's wages which become overdue. The penalty for violation of article 5156 attaches only once to a particular set of wages due, no matter how often a demand is made.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

The Honorable Jackie W. St. Clair - page 5 (H-842)

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb