

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 7, 1977

The Honorable Fratis L. Duff          Opinion No. H-949
Director
Texas Department of Health            Re:  Rule-making power
      Resources                       of Director of Health
1100 West 49th Street                 Resources.
Austin, Texas   78756

Dear Dr. Duff:

   You have requested our opinion concerning the effect
of House Bill 2164 of the 64th Legislature upon the general
rule-making powers of the Department of Health Resources.
You have not presented any specific rule or regulation for
our review.

   Prior to 1975, article 4418d, V.T.C.S., provided that
the State Health Officer would be the "executive head" of
the State Department of Health and that he could promulgate
"administrative rules and regulations" for the effective
performance of his duties.  House Bill 2164 amended article
4418d to provide for a Director of Health Resources in the
place of the State Health Officer.  In so doing, the language
regarding rules and regulations was deleted.  Acts 1975,
64th Leg., ch. 323, 832 at 847.

   House Bill 2164 also amended article 4418a, V.T.C.S.,
to provide:

      The Texas Board of Health Resources shall:

         . . . .

         (3)  adopt rules, not inconsistent
      with law, for its own procedure . . . .
      Id.

The Board of Health Resources is a creation of the Legislature; as such it has "only such powers as are delegated to it, expressly and impliedly, by the Legislature." State v. Jackson, 376 S.W.2d 341, 344 (Tex. 1964); Stauffer v. City of San Antonio, 344 S.W.2d 158 (Tex. 1961). Attorney General Opinion M-610 (1970). See Attorney General Opinion H-475 (1974).

Since the general rule-making power contained in article 4418d was deleted and since this general power is not elsewhere provided, in our opinion the Director of Health Resources has no general rule-making power. Of course, the Board of Health Resources has the power to issue procedural rules under article 4418a, but this power does not extend to substantive rules. See Kee v. Baber, 303 S.W.2d 376 (Tex. 1957). However, this lack of general rule-making power does not affect the specific grants of rule-making power contained in other statutes, e.g. articles 4476-7, -8, -11, -13, -15, 4477-6, 4477-7, V.T.C.S. See V.T.C.S. art. 4418g. In addition, some rules may be valid as impliedly authorized to effectuate a power expressly granted by statute. See Terrell v. Sparks, 135 S.W. 519 (Tex. 1911).

### S U M M A R Y

The Department of Health Resources has no general rule-making power. Whether a rule is valid under some specific statutory authorization or is impliedly authorized to effectuate an expressly granted power would depend upon the particular rule involved.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb