

THE ATTORNEY GENERAL

OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 11, 1977

The Honorable Homer A. Foerster
Executive Director
State Board of Control
P. O. Box 13047, Capitol Station
Austin, Texas 78711

Opinion No. H- 921

Re: Whether sheltered
workshops organized by
the Department of Mental
Health and Mental Retarda-
tion may bid on state
contracts.

Dear Mr. Foerster:

Several sheltered workshops organized by the Texas
Department of Mental Health and Mental Retardation under
article 5547-202, section 2.17(b), V.T.C.S., have asked to
be placed on the bid list maintained by the Board of Control
so that they will be invited to bid on state contracts. You
wish to know whether such sheltered workshops may bid on
state contracts under the State Purchasing Act of 1957,
article 664-3, V.T.C.S., and if they may, whether the goods
they produce are entitled to the preference set out in
section 13 of article 664-3.

Article 5547-202, section 2.17(b), reads in pertinent
part:

> (1) From funds available to it the
> Department [of Mental Health and Mental
> Retardation] is authorized to provide
> mental health and mental retardation
> services through the operation of sheltered
> workshops and to contract with individuals
> or public or private entities for all or
> any part of such services.

> (2) The Department is authorized to
> contract with individuals or public or
> private entities for the sale of goods and
> services produced or made available by the
> sheltered workshop programs.  The goods and
> services may be sold on a cash or credit
> basis.
>
> (3) An operating fund may be established
> for each sheltered workshop operated by the
> Department . . . and all proceeds from the
> sale of sheltered workshop goods and services
> shall be deposited in the operating fund . . . .
> Money in the operating funds may only be
> expended in the operation of sheltered workshops
> for the purchase of supplies, materials,
> services, and equipment . . . .   (Emphasis added).

These provisions authorize the Department of Mental Health
and Mental Retardation to establish sheltered workshops and
make binding contracts to sell the goods they produce to
public entities.  See Stauffer v. San Antonio, 344 S.W.2d
158 (Tex. Sup. 1961); State v. Ragland Clinic-Hospital, 159
S.W.2d 105 (Tex. Sup. 1942).  "Public entity" has been defined
to include the state and its political and administrative
subdivisions.  Wade v. New Jersey Turnpike Authority, 332
A.2d 232 (N.J. Sup. 1975).  See Anderson v. Crow, 260 S.W.2d
227 (Tex. Civ. App. -- Austin 1953, mandamus denied).
We find nothing in the State Purchasing Act of 1957 that
prevents the Department from contracting through the Board
of Control to sell products of the sheltered workshops to
public entities.  Article 664-3, subsections 8(b) and (c),
provide standards for evaluating bidders for inclusion on
the bidders list and for awarding contracts.  These standards
do not distinguish between private firms and state agencies.
Section 12 of article 664-3 forbids members, employees, or
appointees of the Board from being interested in a contract
or bid, but there is no comparable statute limiting state
agencies from having an interest in contracts or bids with
the Board.  See also Attorney General Opinion M-743 (1970).
We take note of the Prison-Made Goods Act of 1963, which
does not merely permit the Board of Control to contract with
a state agency, but actually requires it to purchase goods
from the Texas Department of Corrections.  V.T.C.S. art.
6203c, § 9.  See Attorney General Opinion M-126 (1967).

Other states have enacted laws requiring state agencies to purchase goods produced by state owned and operated workshops for the handicapped.  See Ga. Code Ann. § 99-801 et seq.; Md. Code Ann. art. 30, §§ 4-6A; Mass. Ann. Laws ch. 6, §§ 134, 143.

In Attorney General Opinion M-743 (1970) this office decided that the Board of Control could award the Department of Corrections a contract to refurbish and rebind textbooks for the State, provided that the competitive bid provisions of article 664-3 were complied with.  The opinion discussed article 16, section 21 of the Texas Constitution, which requires that certain articles be purchased under competitive bids, and stated that "[s]ection 21 contains no statement nor implication of distinction between bids by private enterprise and a state agency."  Nor do we note any such distinction in article 664-3.  The Department of Mental Health and Mental Retardation may contract through the Board of Control to sell goods produced by sheltered workshops, and it may bid on state contracts under article 664-3 as a step in contract formation.

Section 13 of article 664-3 reads as follows:

> The following manufactured products, if they meet the state specifications as to quantity, quality, and price, shall have preference in purchases made of those types of items by the Board:  Products of workshops, organizations, or corporations whose primary purpose is training and employing mentally retarded persons or physically handicapped persons.

We believe that this preference is valid.  See Attorney General Opinions O-3312 (1941) and O-1678 (1939).  It embodies the legislative intent to prefer goods produced by "workshops . . . whose primary purpose is training and employing mentally retarded persons . . . " if the goods meet state specifications.  See also V.T.C.S. arts. 664-5, 664-6.  Sheltered workshops are organized under article 5547-202, section 2.17(b) to "provide mental health and mental retardation services."  The money they earn must go back into operating and maintenance expenses.  The primary purpose of the workshop is not to make profits, but to benefit the participants.  We conclude that the sheltered workshops established for mentally retarded people by the Department qualify for the preference given by section 13 of article 664-3.

## S U M M A R Y

The Department of Mental Health and
Mental Retardation may contract to
sell the products of its sheltered
workshops to the State under article
664-3, V.T.C.S.  The goods produced by
such sheltered workshops for mentally
retarded persons are entitled to the
preference set out in section 13 of
article 664-3.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb