# JOHN F. STAUFFER, JR., V. CITY OF SAN ANTONIO ET AL

No. A-7752. Decided March 1, 1961
Rehearing overruled March 29, 1961
(344 S. W. 2d Series 158)

*Adrian A. Spears,* of San Antonio, for petitioner.

*Carlos C. Cadena,* City Attorney, and *Arthur C. Troilo,* Senior Assistant City Attorney, of San Antonio, for respondents.

MR. JUSTICE WALKER delivered the opinion of the Court.

This suit was brought by John J. Stauffer, Jr., petitioner, against the City of San Antonio, the Firemen's and Policemen's Civil Service Commission, and the Board of Firemen, Policemen and Fire Alarm Operators' Pension Fund Trustees, to compel his reinstatement to the Fire Department under Section 22a of Article 1269m,[1] or i n the alternative to require the Pension Board to grant him a disability pension in accordance with the provisions of Article 6243f. He also prayed for recovery of either salary or pension payaments alleged to be in arrears. The case was tried by the court without a jury, and judgment was entered ordering the City and the Commission, respondents, to reinstate petitioner to his former position in the Fire Department. He was also awarded back salary from March 11, 1958, but was granted no relief against the Pension Board. The judgment of the trial court was reversed and the cause dismissed by a divided Court of Civil Appeals. 331 S. W. 2d 443.

Section 22a of Article 1269m provides that:

"The Civil Service Commission on written application of a member of the fire or police department shall grant military leave of absence without pay to such member to enable him to enter military service of the United States * * *. Any such member receiving military leave of absence hereunder shall be entitled to be returned to the position in the department held by him at the time the leave of absence is granted, upon the termination of his active military service, provided he receives an Honorable Discharge and remains physically and mentally fit to discharge the duties of that position; and further provided he makes application for reinstatement within ninety (90) days after his discharge. * * *"

Petitioner, who had been granted a military leave of absence from the San Antonio Fire Department, was given a

---

[1] All statutes are referred to by the article number under which they appear in Vernon's Annotated Texas Civil Statutes.

medical discharge from the Army. Within ninety days he wrote the Director of the Civil Service Commission applying for reinstatement "to some kind of job with the San Antonio Fire Dept. that will not hinder my health." The letter stated that he had been medically discharged from the Army because of a rheumatic heart and stomach ulcers. He was directed to and did report to the City Physician, who disqualified him on the basis of the medical discharge but advised that his application would be reconsidered if certain laboratory reports were submitted. Petitioner then applied to the Pension Board, which conducted a hearing and sent him to other doctors. The latter concluded that he was physically able to perform the duties of a fireman, and a pension was denied for that reason. Petitioner later asked for reconsideration of his reinstatement application and brought this suit after the same was rejected.

We are not entirely satisfied that petitioner's application for a position consistent with his health complies with the requirements of Section 22a, but that question was not raised in the Court of Civil Appeals. Respondents' points of error there assert that the trial court erred in ordering reinstatement because: (1) Section 9 of Article 1269m makes the Chief of the Fire Department the sole judge of whether petitioner is physically qualified to discharge the duties of his position; (2) the courts have no power to review the action of the Commission in refusing reinstatement; and (3) the decision of the Commission on the question of petitioner's physical fitness is supported by substantial evidence. It is to be assumed then that petitioner made proper application for reintatement within ninety days after he was honorably discharged from the Army.

▪ In 1957 the Legislature attempted to amend Section 9 of Article 1269m. If this amendment is effective, it requires that a report be submitted by the physician appointed to examine a fireman and makes the department ' head the sole judge of whether such fireman is able to continue his duties. Acts 1957, 55th Leg., p. 171, ch, 391, §2. The caption of the amendatory Act refers to several sections of Article 1269m and indicates that each is amended in certain respects, but Section 9 is not mentioned and there is nothing in the caption to suggest that any change is made therein. We agree with the Court of Civil Appeals that the attempted amendment is unconstitutional and void in so far as Section 9 is concerned. Texas Constitution, Article III, Section 35; Board of Water Engineers v. City of San Antonio, 155 Texas 111, 283 S. W. 2d 722.

■ An administrative agency such as the Civil Service Commission has only such powers as are expressly granted to it by statute together with those necessarily implied from the authority conferred or duties imposed. See Brown v. Humble Oil & Refining Co., 126 Texas 296, 83 S. W. 2d 935, 99 A. L. R. 1107; Railroad Commission v. Red Arrow Freight Lines, Tex. Civ. App., 96 S. W. 2d 735 (wr. ref.); 42 Am. Jur. Public Administrative Law, p. 316, §26. Section 22a states in no uncertain terms that a returning fireman *shall* be reinstated if he remains physically and mentally fit to discharge the duties of his position and satisfies the other conditions specified therein. It does not provide for reinstatement upon a finding by the Commission that the applicant is qualified, and there is no language suggesting that the Commission is to hear and decide that question. The statute does not even disclose where the application for reinstatement is to be filed. An intention that the same should be presented to the Commission can fairly be implied from the provision authorizing that body to grant military leave of absence, but this affords no basis for a further implication that the Commission is authorized to conduct a hearing and make an administrative determination of the fact questions that may arise.

Article 1269m contains no general grant of power to hear and decide disputed issues. Section 5a authorizes the making of investigations and reports. Sections 16a directs the members of the Commission to administer the law in accordance with the purpose stated therein, and to conduct hearings fairly and render just decisions on the basis of evidence presented when acting as a board of appeals. These provisions are for the guidance of the members in performing their duties and do not enlarge the powers of the Commission . Section 17 deals with the procedure for perfecting an appeal and the manner in which hearings shall be conducted in the case of an indefinite suspension under the terms of Section 16. The first sentence states that the appeal is perfected by filing a statement denying the truth or taking exception to the legal sufficiency of the charges and requesting a hearing.

The statute does, however, expressly authorize a hearing and decision by the Commission whenever a department head is dismissed (Section 15) or an officer is indefinitely suspended (Section 16). A hearing must be granted before an employee is demoted (Section 19), and any applicant who is dissatisfied with the grading of his examination is given the right of appeal to

the Commission (Section 14). Power to review the action of a department head in passing over candidates with higher grades or in ordering a disciplinary suspension is also conferred. (Sections 14 and 20). Where the right of appeal and power to conduct hearings, make decisions and review the actions of other officials have been dealt with in such plain terms, we believe that equally explicit language would have been used if the Legislature had also intended for the Commission to act as a quasi-judicial tribunal for determining the fitness of an applicant for reinstatement.

Rejection by the Commission of an application for reinstatement has the same legal effect as the action taken by the pension board in French v. Cook, 173 Cal. 126, 160 P. 411. The charter of the City of San Francisco required the board to grant a pension to the family of a policeman killed or injured in the performance of his duty, but there was no provision for a hearin or finding by the board. A suit brought against the board upon its denial of a pension application was defended on the ground that the deceased was not injured while performing his duty. In holding that the board was not invested with power to make an administrative determination of that question, the court said:

"There is absolutely nothing in the charter purporting to confide to the board the power to finally determine any question of fact in connection with s u c h a pension. The board is apparently in the same position with relation to such a matter as is any officer required by law to do a prescribed act in a certain contingency, where no special method is provided by law for the ascertainment of the facts. Under such circumstances it may often be true that there is uncertainty or dispute as to the facts, but in such a case the only resort of the officer is such investigation as he may be able to himself make for the purpose of determining his own course of action. His determination as to the facts, however, is not effectual for any other purpose. If not satisfied as to the evidence of the essential facts, he may refuse to act until required to do so by the judgment of some tribunal invested with the power to finally determine such controversy, but before such tribunal any conclusion to which he may have come on the facts has no legal force whatever. The sole question there is whether the facts are in reality such as to require the performance of the act, and this altogether regardless of the officer's conclusion as to the facts. The party

having a vested right in the performance of the act, if the facts are as claimed by him, has also the right to have his claim as to the facts judicially determined. The functions of the board in such a matter as this are really ministerial only, and come under the same principle as would apply in the case of a county or city auditor, in so far as any finality to its conclusions are concerned."

Section 22a gives petitioner a legal right to reinstatement if he is physically and mentally fit to discharge the duties of his position. Since the power to hear and determine that question in a judicial sense is not conferred by law upon some other tribunal, the district court has jurisdiction to decide the same from a preponderance of the evidence. Texas Constitution, Article V, Section 8.

The judgment of the Court of Civil Appeals is reversed and that of the district court is affirmed.

Associate Justice Steakley not sitting.