

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 22, 1968

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. M-272

Re: Whether the Rio Grande In-
dependent Rehabilitation
District has authority to
waive all fees and tuition
rates under the provisions
of Article 2675k, Vernon's
Civil Statutes, in order to
be eligible for financial
assistance under Public Law
81-815, Title I, of Public
Law 81-874, and also Title
I of the Elementary and
Secondary Education Act.

Dear Dr. Edgar:

In your request for an opinion you state the following:

"The Rio Grande Independent Rehabilitation
District (created and operating under Article
2675k, V.C.S.) has made application to the U.S.
Department of Health, Education, and Welfare
(HEW) for federal funds under Title I, Elementary
and Secondary Education Acts, 1965 and may obtain
considerable financial assistance also under P.L.
81-815, Title I of P.L. 81-874. Approval of the
grants thereunder by H.E.W., however, is stymied
and is being delayed by reason of the provision
currently in Section 7(1)(2) of Article 2675k
which specifically authorizes the rehabilitation
school district to fix fees and tuition on parents
of pupils residing in that district.

"The recent special session of the Legisla-
ture in 1968 was confined to the matter for which
it was called. Therefore, contemplated attempts
then to have Section 7(1)(2) amended to cure the
problem were thwarted. There being only one such
district created under Article 2675k, it is anti-
cipated that passage of such proposed amendment

- 1315 -

in the early part of the regular session, January 1969, will be secured unprotested.

"On July 11, 1968 the Board of Trustees of the rehabilitation district adopted a resolution, a copy of which we forward herewith, stating in effect that it never intended nor does it intend in the future to charge such tuition and that efforts in January will be exerted to have the law amended to cure the impediment involved, to satisfy the conditions set out by H.E.W. for making the district eligible for the desired federal assistance. With letter of transmittal dated July 13, the resolution was forwarded to H.E.W. We enclose also herewith the response received by the district on July 25, 1968 which is self-explanatory.

"The Board of Trustees of the Rio Grande Independent Rehabilitation District, through its counsel, has asked me to obtain an opinion from the Office of Attorney General on the following question:

"'Under the facts submitted, does the rehabilitation school district (Rio Grande I.R.D.) legally have authority to provide the assurance that such fees and tuition will not be charged during the useful life of any equipment or facilities or of the duration of any program which may be acquired or financed with such funds from the federal government?'"

In the July 25, 1968 letter, H.E.W. requested that the Rehabilitation District obtain an opinion from the Attorney General's department on the above quoted question.

Section 7(1)(2) of Article 2675k, Vernon's Civil Statutes, provides that the board of directors of a Rehabilitation District is empowered and required to "Fix such fees and tuition rates as are deemed necessary to supplement other sources of funds for maintaining and operating the District in carrying out its functions, with authority however, to reduce fees and tuition, or waive these altogether, in cases where the parents or guardians of trainees are able to pay a portion only or none of such tuition or fees, in the judgment of the Board of Directors, or in the judgment of an agency created by the Board of Directors to determine such matters. . . ."

Generally the powers of an administrative agency are derived entirely from legislative enactment. The agency has only such powers as are expressly conferred on it by statute altogether with those necessarily implied from powers and duties expressly given or imposed. Although a statute conferring administrative authority will generally be liberally construed, the agency must not go beyond the clear intent of the Legislature. Stauffer v. City of San Antonio, 344 S.W.2d 158 (Tex.Sup. 1961); 1 Tex.Jur. 2d 652, Administrative Law, etc., 8 6.

The waiver of tuition and fees by the Board of Directors of the School District would not bind the successor Board of Directors unless the statute authorizes such waiver. We find nothing in the statute conferring such a power, which is discretionary by nature and must be exercised anew from year to year with changing conditions. It is generally held that a school board cannot bind the board or its members to take any specified action on any question which may come before it in the future. Miller v. Alsbaugh, 2 S.W.2d 208 (Mo.App. 1928); Murphy v. City of Cambridge, 342 Mass. 339, 173 N.E.2d 616 (1961); Lach v. DeFiglo, 19 Fay. L.J. 12, 9 D&C2d 326.

Furthermore, in enacting Section 7(1)(2) of Article 2675k, it is clear that the Legislature did not intend for the Board of Directors of a Rehabilitation District to waive such tuition and fees from parents or relatives of trainees who are financially able to pay the same. Unless the statute authorizes the Board to waive those charges for tuition and fees, the Board is without power to waive them. We are, therefore, compelled to answer your question in the negative.

## SUMMARY

Under the provisions of Sec. 7(1)(2) of Art. 2675k, Vernon's Civil Statutes, the Board of Directors of the Rio Grande Independent Rehabilitation District is empowered and required to fix such fees and tuition rates as are necessary to supplement other sources of funds for maintaining and operating the District in carrying out its functions and said Board is not authorized to waive such fees and tuition from parents or relatives of trainees who are financially able to pay such tuition or fees or to waive such charges in the future so that such action would be binding on successor Boards of Directors.

Hon. J. W. Edgar, page 4 (M-272)

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor-Co-Chairman
Richard Chote
Charles Rose
Dyer Moore, Jr.
Alan Minter

A. J. CARUBBI, JR.
Executive Assistant