

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 9, 1969

Honorable Robert E. Stewart          Opinion No. M-464
Deputy Commissioner
Department of Banking                Re:  Whether the Banking Com-
John H. Reagan Building                   missioner has the power,
Austin, Texas 78711                       authority and duty to require
                                          National Banks to comply
                                          with the provisions of Sec-
                                          tion 1a of Article 342-910a,
Dear Mr. Stewart:                         V. C. S.

        In your recent letter you request this office to render an opinion
on the following questions:

        "(1)  Does the Banking Commissioner have the
        authority, power and duty to require National Banks to
        cease and desist acceptance of deposits on Saturday under
        the circumstances set out?

        "(2)  If your answer is in anywise in the negative,
        please advise whether the Banking Commissioner has
        the authority, power and duty to permit the State Banks
        to accept Saturday deposits competitively with the man-
        ner of acceptance by the National Banks. "

        Two factual situations are presented in your letter.  The first in-
volves a national bank which has filed with your office a resolution by its
Board of Directors that it will be closed for general banking purposes on
Saturday but remain open to perform limited banking service on such day
pursuant to Section 1a of Article 342-910a, Vernon's Civil Statutes.  In
the other situation, you refer to a national bank which has not elected to
be closed on Saturday or any other weekday in accordance with Section 1a,
supra.  Both banks are accepting deposits on Saturday.

        Article 342-910a reads in part, as follows:

- 2302 -

"Sec. 1a. Any bank or trust company doing business in this State, may, at its option close for general banking purposes on Saturday or any other weekday provided such day is designated at least (15) days in advance by adoption of a resolution concurred in by a majority of the Board of Directors thereof . . . ., and by notice posted in a conspicuous place in such bank or trust company for at least such time, and by filing a copy of such resolution certified by the cashier of such bank or trust company in the office of the Commission of the Banking Department of Texas . . . Any such election to so close shall remain in effect until a subsequent resolution shall be adopted and notice thereof posted and a copy thereof filed in the manner above provided. If any bank or trust company elects to close for general banking purposes on Saturday or any other weekday as herein provided, it may, at its option, remain open on such day for the purpose of performing limited banking services . . . Limited banking services shall mean: transit operations, cashing and certifying checks drawn on the bank performing such limited services, receiving payments on obligations due to such bank or to any other party for which such bank is acting as collection agent, making change and providing access to safety deposit boxes. Such day upon which such bank or trust company may elect to be closed for general banking purposes shall with respect to such institution be treated as Sunday or the Christian Sabbath for all purposes and not a business day; provided that if such bank shall elect to perform limited banking services on such day, the same shall not be deemed a legal holiday for the performance of limited banking service. Any bank or trust company which elects to close for general banking purposes on Saturday or any other weekday but which elects to perform limited banking services shall not be subjected to any liability or loss of rights for performing limited banking services or refusing to perform any other banking services on such day.

"Sec. 1b. The provisions of Section 1a of
this Act shall be completely permissive with each
individual bank or trust company in this State, and
no bank, trust company, clearing house association,
or group of banks or trust companies, shall discri-
minate against or refuse its services to any bank or
trust company or enter into any agreement to dis-
criminate against or refuse its services, either di-
rectly or indirectly to any bank or trust company
which may or may not elect to exercise any of the
options contained in Section 1a of this Act. The pro-
visions of the Antitrust Laws of this State shall be
applicable to the provisions of this Act, and the At-
torney General of Texas shall institute and prose-
cute any legal proceedings authorized by law to en-
force the provisions of this Act, including forfeiture
of right to do business in Texas for violation of such
provisions. "

It is the opinion of this office that Section 1a was enacted for the
benefit of banks. Its primary purpose is to permit banks or trust companies
to close on days other than legal holidays. Furthermore, it permits banks
or trust companies to be open to perform limited banking services without
subjecting themselves to certain liabilities or loss of rights that might other-
wise be incurred on a regular business day or refusing to perform any other
banking services on such day.

There is no language in Article 342-910a which makes it an offense
for a bank to engage in general banking services on a day it has designated
to be closed or open for the limited purpose of performing limited banking
services. On the contrary, Section 1b states that Section 1a is completely
permissive with each individual bank or trust company. The first sentence
of Section 1a reads that a bank or trust company may, at its option, close
for general banking purposes on Saturday or any other weekday. In addi-
tion, it states if any bank or trust company elects to close for general
banking, it may, at its option, remain open on such day for the purpose of
performing limited banking services.

In addition, there is no language in Article 342-910a or in any other
provision of the Texas Banking Code granting the Banking Commissioner

the power or authority to order a bank to cease and desist from perform-
ing services other than those defined as limited banking services on a day
it has designated to be closed or open for limited banking purposes.

It is the opinion of this office, therefore, that Section 1a is purely
discretionary with each individual bank, and the Banking Commissioner
has no authority, power or duties with respect to Section 1a. The answer
to your first question, therefore, is that the Banking Commissioner has
no authority, power or duty to require National Banks to cease and de-
sist from accepting deposits on Saturday under the circumstances you set
out.

Furthermore, you request this office to advise "whether the Bank-
ing Commissioner has the authority, power and duty to permit State Banks
to accept deposits competitively with the manner of acceptance by National
Banks." This question has been interpreted to ask whether the Banking
Commissioner can permit a State bank to accept deposits on a day it has
elected to be closed but remain open for limited banking services and con-
tinue to gain the benefit of Section 1a.

An administrative agency has only such powers as are expressly
granted to it by statute together with those necessarily implied from the
authority conferred or duties imposed. See Stauffer v. San Antonio, 162
Tex. 13, 344 S. W. 2d 158 (1961). Where the Legislature acts with respect
to a particular matter, the administrative agency may not so act with re-
spect to the matter as to nullify the Legislature's action even though the
matter be within the agency's general regulatory field. State v. Jackson,
376 S. W. 2d 341 (Tex. Sup. 1964).

In Section 1a, the Legislature has expressly defined the type of
banking services a bank or trust company can perform on a limited bank-
ing service day. Such definition does not include the acceptance of de-
posits. No authority is found in the Act granting the Banking Commissioner,
expressly or impliedly, the authority to expand or limit this definition. It
is the opinion of this office, therefore, that the Banking Commissioner does
not have the authority, power or duty to permit State banks to accept de-
posits on a day it has designated to be closed for general banking purposes
but open to perform limited banking services. The State bank, like the

National bank, may receive deposits on such day; however, it would be subjecting itself to liabilities or loss of rights that it might incur on a regular business day and would be waiving any benefits it might derive from Section 1a.

## S U M M A R Y

The Banking Commissioner has no authority, power or duty to force a National bank to comply with the provisions of Section 1a of Article 342-910a, Vernon's Civil Statutes, nor does he have the power, authority or duty to permit State banks to accept deposits on a day it has designated to be closed for general banking purposes, but open for limited banking services without having said bank waive the benefits provided by said Section.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Edward H. Esquivel
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
James McCoy
Gordon C. Cass
James Quick
Fielding Early

Meade F. Griffin
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant