

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 26, 1975

The Honorable Douglass Hubbard
Executive Director
The Admiral Nimitz Center
Fredericksburg, Texas 78624

Opinion No. H-744

Re: Whether the Fleet Admiral
Chester W. Nimitz Memorial
Museum Commission is an
agency eligible to receive a
federal outdoor recreation re-
sources grant.

Dear Mr. Hubbard:

You have requested our opinion regarding whether the Fleet Admiral
Chester W. Nimitz Memorial Museum Commission is a state agency eligible
to receive a federal grant. You state that the Commission desires to acquire
land and construct public use facilities on the basis of matching funds from the
Land and Water Conservation Fund of the Federal Bureau of Outdoor Recreation.

The Fleet Admiral Chester W. Nimitz Memorial Museum Commission
was created by Acts 1969, 61st Leg., ch. 8, p. 19. The Commission is
authorized thereby, in section 3, to

> [h] accept on behalf of the State of Texas
> donations of money, property and historical
> relics

and to

> [i] acquire property and historical relics
> by purchase within the limits of funds avail-
> able.

The purpose of the Commission is to

> foster and commemorate the memory of the
> era of supreme United States naval power
> upon the seas and the men and women of the
> armed services whose gallant and selfless
> dedication to duty made this era possible.
> Section 3(a).

p. 3160

The statute was amended in 1971 to permit the Commission to "exercise the power of eminent domain to acquire the lands that are necessary and proper for carrying out its purposes." Acts 1971, 62nd Leg., ch. 304, p. 1239.

In Attorney General Opinion M-1212(1972), this Office concluded that the Commission was authorized to enter into a contract with the United States Department of Housing & Urban Development to receive funds for the purpose of purchasing or condemning certain real estate that would comprise part of the museum site. In our view, Attorney General Opinion M-1212 was clearly correct, since the Commission is expressly authorized to "acquire property" and to "exercise the power of eminent domain." Thus, it is our opinion that the Commission is an agency eligible to receive federal funds and that it may expend such funds to purchase or condemn land and other property.

The Commission is not specifically authorized by statute to develop recreational facilities, however. Although construction of limited public use facilities would appear to be a means of fulfilling the Commission's statutory purpose, and would derive from its authority to acquire property, it will remain a fact question whether the development of a particular type of recreational resource would be within the Commission's purpose provided in section 3a, supra.

It is of course well established that an administrative agency has only such powers as are expressly granted to it by statute and those necessarily implied therefrom. Stauffer v. San Antonio, 344 S.W.2d 158 (Tex.Sup. 1961). Although a statute conferring administrative authority is to be liberally construed, Railroad Commission of Texas v. Galveston Chamber of Commerce, 145 S.W. 573 (Tex.Sup. 1912), the agency must not act beyond the clear intent of the Legislature. Gulf Coast Water Co. v. Cartwright, 160 S.W.2d 269 (Tex.Civ. App. --Galveston 1942, err. ref. w.o.m.).

## SUMMARY

The Fleet Admiral Chester W. Nimitz Memorial Museum Commission is an agency eligible to receive federal funds and may expend such funds to purchase or condemn land and other property. The extent to which the Commission may expend funds to develop recreational facilities is a fact question.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: