

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL

ATTORNEY GENERAL

September 22, 1976

The Honorable Ben Ramsey
Chairman
Railroad Commission of Texas
P. O. Drawer 12967
Austin, Texas   78711

Opinion No. H- 880

Re: Application of Texas
Surface Mining and Reclama-
tion Act to clay mining
which incidentally produces
lignite.

Dear Mr. Ramsey:

You ask whether operations which extract lignite coal
incidental to surface mining of clay used in the production
of brick, are within the provisions of the Texas Surface
Mining and Reclamation Act and, therefore, subject to
regulation by the Texas Railroad Commission.

In connection with the Legislature's directive to the
Railroad Commission in the Texas Surface Mining and Reclama-
tion Act, article 5920-10, V.T.C.S., to regulate the production
of coal and uranium by surface mining and the reclamation of
lands disturbed by such activities, you advise that there
presently exist at least two operations in this state engaged
in the surface mining of clay to be used in the production
of brick which incidentally produce lignite coal.  Such coal
is segregated and stockpiled for the expressed purpose of
either providing a future energy source for use in brick
production or for sale to the public.  You also advise that,
by comparison to the amount of clay surface mined at these
operations, the amount of lignite coal removed and stockpiled
is nominal and seldom, if ever, exceeds ten percent of the
volume of material extracted and not regarded as spoil.

Section 3 of article 5920-10, V.T.C.S., states that the purpose of the Surface Mining and Reclamation Act is

> to prevent the adverse effects to society
> and the environment resulting from unregulated
> surface mining operations, as defined herein . . . .

"Surface mining" is defined in section 4(2) as:

> [T]he mining of minerals by removing the
> overburden lying above the natural deposit
> thereof and mining directly from the natural
> deposits thereby exposed . . . .(Emphasis added).

Section 4(1) includes in its definition of "minerals" only "coal, lignite, uranium and uranium ore." Therefore, on its face, article 5920-10 does not apply to surface mining operations involved solely in the production of clay.

The legislative history of the Act supports this conclusion. In the original version of the Act, "minerals" were defined as "soil, clay, coal, lignite, uranium, gypsum, gravel, talc, limestone, rock, metallic ore, and all other naturally occurring substances of commercial value." (Emphasis added). The Senate Committee on Natural Resources adopted a substitute bill which deleted clay and other minerals underlined above. Such substitute was passed by both Houses in substantially its present form. The omission of significant words from an amendment indicates that the Legislature desired to change the effect of the statute or intended to exclude the object theretofore accomplished by the words omitted. See 53 Tex. Jur.2d, Statutes § 178 and authorities cited therein. While a statute conferring administrative authority will generally be liberally construed, the agency must not go beyond the clear intent of the Legislature. Stauffer v. City of San Antonio, 344 S.W.2d 158 (Tex. Sup. 1961); 1 Tex. Jur.2d, Administrative Law § 6. Since the Legislature clearly intended to exclude clay mining operations from the effect of article 5920-10, we are of the opinion that the Railroad Commission is precluded from regulating those clay mining operations which only incidentally involve the mining of lignite.

In making its determination as to whether the extraction of lignite is more than a mere incident to a clay mining operation, the Railroad Commission should keep in mind the purposes of the Texas Surface Mining and Reclamation Act and should be vigilant to insure that an operator does not use clay mining as a subterfuge to escape application of the Act.

## S U M M A R Y

The Texas Surface Mining and Reclamation Act, article 5920-10, V.T.C.S., does not authorize regulation by the Texas Railroad Commission of surface mining operations solely involving the production of clay. Whether an operation is a clay mining operation which only incidentally involves the production of lignite requires a factual determination by the Commission, based on the particular facts and circumstances involved in each case.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Asssitant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb