

# The Attorney General of Texas

November 17, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Margaret L. Rowland, R.N.
Executive Secretary
Board of Nurse Examiners
7600 Chevy Chase Drive
Austin, Texas 78762

Opinion No. H-1093

Re: Whether the Board of Nurse Examiners may promulgate rules limiting use of the abbreviation R.N. and, prohibiting other practices which suggest a person is a licensed registered nurse.

Dear Ms. Rowland:

You have requested our opinion as to whether the Board of Nurse Examiners may promulgate rules regarding the use of titles indicating that a person is a licensed registered nurse. Section 3 of article 4527a provides:

> No person, unless he is licensed under this chapter, may use in connection with his name the abbreviation "R.N." or any designation tending to imply that he is a licensed registered nurse.

The Board proposes to promulgate rules, regulations, and guidelines which implement this provision.

The Board of Nurse Examiners is empowered by article 4514, V.T.C.S., to

> make such by-laws and rules as may be necessary . . . to carry into effect the purpose of this law.

In our opinion, the clear purpose of section 3 of article 4527a is to prohibit unlicensed persons from using any designation tending to imply that the individual is a licensed registered nurse. We believe that the Board is authorized by article 4514 to enact regulations indicating those designations which it deems to be misleading. Since the Board is directed in article 4525(d) to "cause the prosecution of all persons violating any provisions of

this chapter," such regulations would have the effect of apprising potential violators of those designations whose use the Board intends to prosecute. Of course, any regulations would not have the force of law, since a prosecution would have to be based on a violation of the statute rather than a violation of the rule.

Although an administrative agency "has only such powers as are expressly granted to it by statute together with those necessarily implied from the authority conferred or duties imposed," Stauffer v. City of San Antonio, 344 S.W.2d 158, 160 (Tex. 1961), we believe that the Board's authority to enact such regulations is a necessary derivative of its express authority under the statute. See Texas State Board of Examiners in Optometry v. Carp, 412 S.W.2d 307 (Tex. 1967). Of course, the use of certain terms may confer a reasonable doubt or ambiguity as to whether a violation of article 4527b has occurred. See Attorney General Opinion M-1217 (1972). In addition, the statute exempts particular persons from its operation. See Attorney General Opinions H-395 (1974); O-4044 (1941). Within these limitations, however, it is our opinion that the Board of Nurse Examiners may promulgate rules regarding the use of titles indicating that a person is a licensed registered nurse.

## S U M M A R Y

The Board of Nurse Examiners is authorized to promulgate rules regarding the use of titles indicating that a person is a licensed registered nurse. Any prosecution must be based on a violation of the statute rather than a rule.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst