

# The Attorney General of Texas

December 6, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable G. L. "Lynn" Tate
Commissioner
Texas Department of Labor and
  Standards
Box 12157
Austin, Texas 78711

Opinion No. H- 1272

Re: Authority of Texas Department of Labor and Standards to contract with a private association to fund a Mobile Home Information Center.

Dear Commissioner Tate:

You ask whether the Texas Department of Labor and Standards may agree to fund a Mobile Home Information Center to be operated by a nonprofit corporation. The nonprofit corporation has applied to you for funds to establish a center which would provide information on warranty protection and complaint procedures to mobile home purchasers and would facilitate the resolution of complaints. You wish to know whether you may enter into this kind of agreement with a private entity and whether you may fund this proposal with either state appropriated or federal funds received by the mobile home program.

The Department of Labor and Standards is responsible for administering and enforcing the Texas Mobile Homes Standards Act, which regulates the mobile home industry. V.T.C.S. art. 5221f. The Act provides for cooperation with the federal government pursuant to the National Mobile Home Construction and Safety Standards Act of 1974, 42 U.S.C. §§ 5401-5426. The Mobile Homes Standards Code adopted by the Department of Labor and Standards must comply with standards established under the federal statute. V.T.C.S. art. 5221f, § 5. In addition, the department has been designated as the state agency for enforcing federal standards which the state has also adopted. See 42 U.S.C. § 5422(b); V.T.C.S. art. 5221f, § 9(c).

The Texas act provides the department with specific contractual and rule-making authority as follows:

> Sec. 4(a) The department may adopt standards and requirements for the installation of plumbing, heating, and electrical systems and for the construction of mobile homes as it determines are reasonably necessary in order to protect the health and safety of the occupants and the public.

. . . .

(b)(3)  The department may cooperate with all units of local government within this state and, when requested, may authorize local units of government to make and perform inspection and enforcement activities. . . .

. . . .

Sec. 9(b)  The department shall make and enforce rules and regulations reasonably required to effectuate all provisions of this Act and the notification and correction procedures provided in . . . the National Mobile Home Construction and Safety Standards Act of 1974.

. . . .

Sec. 15  The department may enter into contracts with the Department of Housing and Urban Development or its designees for the purpose of nationwide monitoring of Department of Housing and Urban Development programs.

V.T.C.S. art. 5221f.

These provisions are specifically drawn to achieve the development and enforcement of mobile home standards. They reflect the stated purpose of the whole act — to protect the consumer by regulating the industry. V.T.C.S. art. 5221f, § 2. We find no provision authorizing the grant of funds to a private entity for the purpose of disseminating consumer information. Nor do we find in article 5221f or in other statutes relating to the Department of Labor and Standards any broad contractual power that would authorize the described agreement. See, e.g., V.T.C.S. art. 5154a (duties of Commissioner of Labor and Standards). It is well established that an administrative agency has only those powers expressly granted to it by statute or necessarily implied therefrom. Stauffer v. City of San Antonio, 344 S.W.2d 158 (Tex. 1961); see Attorney General Opinions H-897 (1976); H-366 (1974); M-1131 (1972). Prior opinions which approved grants by state agencies to other public and private entities have relied on express statutory authority. See Attorney General Opinions H-140 (1973); C-673 (1966); compare Attorney General Opinion H-120 (1973). In the absence of such authority, we must conclude that the department may not enter into the proposed agreement.

The department may have implied authority, as an incident to its regulatory functions, to inform consumers about mobile home standards and legal remedies available for violation of them. See Attorney General Opinion M-1138 (1972). It could enter into contracts for goods and services necessary to exercise this implied authority. However, we do not believe the department may relinquish control over its funds and the personnel exercising its authority to the extent contemplated by

this agreement. In addition, several statutes place limits on the way in which state funds may be spent for goods and services. See V.T.C.S. art. 664-3 (State Purchasing Act of 1957); V.T.C.S. art. 6252-11 (Position Classification Act of 1961). See also V.T.C.S. art. 666b (lease of space for state agencies through Board of Control); Attorney General Opinion H-138 (1973) (Board of Architectural Examiners must contract for services and supplies through the Board of Control).

## S U M M A R Y

The Department of Labor and Standards does not have authority under article 5221f, V.T.C.S., to fund a Mobile Home Information Center to be operated by a private nonprofit corporation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn