

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Lynn Brown, Administrator
Texas State Board of Plumbing
   Examiners
P. O. Box 4200
Austin, Texas   78765

Opinion No. MW-545

Re:  Authority of the Board of Plumbing Examiners to adopt plumbing code with statewide applicability

Dear Mr. Brown:

Your questions concern the Plumbing License Law which is embodied in article 6243-101, V.T.C.S. It empowers the Board of Plumbing Examiners to administer licensing and examining procedures for plumbers and states exemptions from the licensing requirement. Secs. 3, 5. The board may also impose penalties for violations of the statute. Sec. 9. Section 5(a) authorizes the board to:

> prescribe, amend and enforce all Rules and Regulations necessary to carry out this Act.

See also 22 T.A.C. §361.12 (1981).

You first ask:

> Does the board have the authority, under the provisions of the Administrative Procedure and Texas Register Act and The Plumbing License Law, article 6243-101, V.T.C.S., to adopt the provisions of the Texas Municipal League Plumbing Code as part of its Official Rules and Regulations with statewide jurisdiction?

We understand that you wish to establish a plumbing code that will apply uniformly to plumbing work done throughout the state.

Section 15 of article 6243-101 provides as follows:

> Sec. 15. Every city in this state of more than five thousand (5,000) inhabitants shall, and any city or town of this state may, by ordinance or by-law, prescribe rules and regulations for the materials, construction, alteration and inspection

of all pipes, faucets, tanks, valves and other
fixtures by and through which a supply of water,
gas or sewage is used or carried; and provided
that they shall not be placed in any building
therein except in accordance with such rules and
regulations; and shall further provide that no
plumbing shall be done except in case of repairing
of leaks, without a permit being first issued
therefor upon such terms and conditions as such
city or town shall prescribe; provided that no
such ordinance, by-law, rule or regulation
prescribed by any such city or town shall be
inconsistent with this Act, or any rule or
regulation adopted or prescribed by the State
Board of Plumbing Examiners.

Attorney General Opinion MW-42 (1979) involved a similar inquiry
as to whether the Board of Nurse Examiners had the authority to issue
rules and regulations for the practice of nursing. The opinion found
that the board lacked authority to promulgate rules which would
effectively regulate the practice of nursing. The rationale discussed
in that opinion was that:

administrative agencies have only those powers
expressly granted by statute or implied from
statutory authority and duties. Stauffer v. City
of San Antonio, 344 S.W.2d 158, 160 (Tex. 1961);
Attorney General Opinions H-1199 (1978), H-1093
(1977); See Board of Insurance Commissioners v.
Guardian Life Insurance Company, 180 S.W.2d 906,
908 (Tex. 1944); Humble Oil and Refining Company
v. Railroad Commission, 128 S.W.2d 9, 15 (Tex.
1939); Harris, The Administrative Law of Texas, 29
Tex. L. Rev. 213 (1950).

See also Attorney General Opinion MW-482 (1982).

The Board of Plumbing Examiners clearly has no express statutory
authority to regulate the practice of plumbing by promulgating a
plumbing code with statewide applicability. Compare V.T.C.S. art.
4495b (Board of Medical Examiners may make rules regulating the
practice of medicine); V.T.C.S. art. 4512b (Board of Chiropractic
Examiners may make rules regulating the practice of chiropractic);
V.T.C.S. art. 4542 a-1 (Board of Pharmacy responsible for the
regulation of the practice of pharmacy). The remaining question is
whether there is implied statutory authority. We answer in the
negative.

In Gerst v. Oak Cliff Savings and Loan Association, 432 S.W.2d 702 (Tex. 1968) and Kee v. Baber, 303 S.W.2d 376 (Tex. 1957), the Texas Supreme Court examined broad grants of rule-making power to administrative agencies. The Kee court focused upon the broad regulatory powers which authorized the Board of Examiners in Optometry "to make such rules and regulations not inconsistent with this law as may be necessary for the... regulation of the practice of optometry," 303 S.W.2d at 378, and contrasted them with the narrower delegation of power to other administrative boards. See, e.g., 22 T.A.C. §361.12 (1981) (promulgates narrow delegation of power regarding functions of the Board of Plumbing Examiners). The court in Gerst reasoned similarly that:

> the Board had been clothed with the power and authority to promulgate and enforce rules and regulations necessary to carry out the purposes of the Act, [and] that the Legislature, in creating the Board and conferring upon it the power to make rules and regulations necessary to carry out the purposes of the Act, forecloses the thought that the Legislature intended to spell out the details of all operations under the Act.

432 S.W.2d at 706 (citing Texas Liquor Control Board v. Super Savings Stamp Company, citation omitted).

The Gerst court, citing Kee, also pointed out that:

> the determining factor in this and other decisions of our courts dealing with the question of whether or not a particular administrative agency has exceeded its rule-making powers is that the rule's provisions must be in harmony with the general objectives of the Act involved. (Emphasis added).

Id. at 706.

It is the opinion of this office that the general objectives of the Plumbing License Law, embodied in article 6243-101, V.T.C.S., are to enable the Board of Plumbing Examiners to administer and regulate the licensing and examining procedures for plumbers and that without further specific statutory authority, the board may not adopt a plumbing code with statewide applicability which would effectively regulate the practice of plumbing. Such a code would be inconsistent with section 15.

You next ask:

> Does the State Board of Plumbing Examiners have the authority to require its licensees to make all plumbing installations, connections, taps, sprinkler systems and other related plumbing and sewer connections in accordance with the code the Board has helped develop and which has been recognized by the Texas Municipal League?

The answer to this question depends on whether the particular rule is consistent with the statute. Since you have not submitted a rule we cannot answer your question. See Attorney General Opinion H-960 (1977). Of course, you cannot do indirectly what the statute forbids you from doing.

### S U M M A R Y

> The Board of Plumbing Examiners may not establish a statewide plumbing code under its rule-making power.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Stan Reid
Bruce Youngblood