OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



June 29, 2000

Ms. Pamela B. Tackett
Executive Director
State Board for Educator Certification
1001 Trinity Street
Austin, Texas 78701-2603

Opinion No. JC-0241

Re: Whether the State Board for Educator Certification's Internet website may serve as a portal for distance-learning courses developed and offered by other entities, and related questions (RQ-0179-JC)

Dear Ms. Tackett:

You inquire about the authority of the State Board for Educator Certification (the "SBEC") to use its Internet website as a portal for distance-learning courses developed and offered by other entities. You ask several questions:

1. Through the agency's Internet website, may SBEC serve as a portal for distance-learning courses developed and offered by other entities as an alternative to site-based programs for certification candidates satisfying educator preparation requirements; renewable certificate holders needing continuing education credit; and school personnel seeking professional or career development training?

2. If the answer to Question No. 1 is "Yes," may a third-party, information technology (IT) vendor contract with SBEC to facilitate the delivery of distance-learning courses through SBEC's website? If so, would the services of such a third-party vendor need to be procured through the competitive bidding process, even if one of the potential contractors was willing not to charge SBEC?

3. If the answers to Questions No. 1 and 2 are "Yes," may a Board member of SBEC lawfully serve as such and also be employed by a third-party IT vendor that contracts with SBEC to facilitate the delivery of other entities' distance-learning courses through SBEC's website?

Letter from Ms. Pamela Tackett, Executive Director, SBEC, to Honorable John Cornyn, Texas Attorney General, at 1-2 (Jan. 27, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"]. In connection with the first question, you ask us to consider "any liability issues related to SBEC's hosting of distance-learning opportunities for educators," including issues under the Americans with Disabilities Act, the Texas Commission on Human Rights Act, and the Family Educational Rights and Privacy Act. *Id.* at 4.

We conclude that the SBEC's authority does not encompass authority to use its Internet website as a portal for distance-learning courses developed and offered by other entities. Given this conclusion, we do not answer your remaining questions.

You explain the proposed portal arrangement:

> SBEC has been asked to serve as a portal for distance-learning courses offered by educator preparation programs and continuing professional education providers. Related to educator certification, these courses would be delivered over the Internet. The persons taking the courses would be educator preparation students seeking certification and certificate holders satisfying certification renewal requirements. Entities delivering the courses would include the following:
>
> • SBEC-accredited educator preparation programs;
>
> • SBEC-approved providers offering continuing education courses to holders of renewable certificates; and
>
> • providers of professional development training, such as school districts that require their staff to participate in professional development programs.
>
> The educator preparation courses would meet Board standards, but SBEC would not participate in developing the courses. The prospective educators would apply for admission to an educator preparation program and register for courses by accessing SBEC's website, but staff at the preparation program would process the admission application and course registration materials. The preparation program would administer the course[]work. The student would enter the virtual classroom at SBEC's website and travel down a cybernated corridor to a server operated by the preparation program or by a third-party contractor on behalf of the program and SBEC.

The continuing education courses might be developed by SBEC in collaboration with other approved entities, but they could also be offered independently of SBEC as a provider. Educators wanting to obtain continuing education credits would register for courses through SBEC's website, but the registration would be processed and the course delivered by the provider. The same would be true for career development courses not taken for credit.

All course providers would process any fees charged for the offerings.

Request Letter, *supra*, at 3.

We examine the SBEC's authority to permit its website to be used as such a portal in light of the SBEC's statutory powers. A state agency created by the legislature has only those powers that are explicitly or implicitly delegated to it. *See City of Sherman v. Public Util. Comm'n*, 643 S.W.2d 681, 686 (Tex. 1983); *accord Stauffer v. City of San Antonio*, 344 S.W.2d 158, 160 (Tex. 1961); *Texas Parks & Wildlife Dep't v. Callaway*, 971 S.W.2d 145, 148 (Tex. App.–Austin 1998, no pet.); Tex. Att'y Gen. Op. Nos. JC-0064 (1999) at 4; DM-101 (1992) at 6.

Chapter 21, subchapter B of the Education Code establishes the SBEC to "regulate and oversee all aspects of the certification [and] continuing education . . . of public school educators." TEX. EDUC. CODE ANN. § 21.031(a) (Vernon 1996). The SBEC has explicit authority to:

> (1) provide for the regulation of educators and the general administration of this subchapter . . . ;
>
> (2) specify the classes of educator certificates to be issued . . . ;
>
> (3) specify the period for which each class of educator certificate is valid;
>
> (4) specify the requirements for the issuance and renewal of an educator certificate;
>
> (5) provide for the issuance of an educator certificate to a person who holds a similar certificate issued by another state or foreign country . . . ;
>
> (6) provide for special or restricted certification of educators . . . ;
>
> . . . .

(9) provide for continuing education requirements; and

(10) provide for certification of persons performing appraisals under Subchapter H.

*Id.* § 21.041(b) (footnote omitted).

No person may be employed as a teacher unless the person has obtained an educator certificate. *See id.* § 21.003(a). With respect to educator certificates, the SBEC must establish the training requirements and minimum academic requirements for a person who wishes to obtain a certificate. *See id.* § 21.044; *see also id.* §§ 21.046, .0481 (Vernon 1996 & Supp. 2000) (superintendent or principal certification; master reading teacher certification); 19 TEX. ADMIN. CODE §§ 230.191 - .199 (1999) (SBEC Program Requirements for Preparation of School Personnel for Initial Certificates and Endorsements). The SBEC must establish standards for the approval and continuing accountability of educator-preparation programs. *See* TEX. EDUC. CODE ANN. § 21.045(a) (Vernon Supp. 2000); 19 TEX. ADMIN. CODE §§ 229.1 - .5 (1999) (SBEC Accountability System for Educator Preparation); *id.* §§ 230.151 - .161 (SBEC Professional Educator Preparation and Certification). The SBEC also must develop the process by which "centers for professional development" may be established through institutions of higher education "for the purpose of integrating technology and innovative teaching practices in the preservice and staff development training of public school teachers and administrators." TEX. EDUC. CODE ANN. § 21.047(a) (Vernon 1996); *see* 19 TEX. ADMIN. CODE § 230.121 (1999) (SBEC Centers for Professional Development and Technology). The SBEC must adopt rules "providing for educator certification programs as an alternative to traditional educator preparation programs." TEX. EDUC. CODE ANN. § 21.049 (Vernon 1996); *see also* 19 TEX. ADMIN. CODE § 230.231 (1999) (SBEC Alternative Certification of Teachers).

With respect to continuing-education and career-development programs, the SBEC must adopt rules to establish a process "for identifying continuing education courses and programs that fulfill educators' continuing education requirements." TEX. EDUC. CODE ANN. § 21.054(a) (Vernon 1996); *see also* 19 TEX. ADMIN. CODE §§ 230.199, .610 - .611 (1999) (SBEC Endorsements and Continuing Education). Certified educators must complete a total of 150 "clock hours" of continuing professional education every five years to renew a certificate. *See* SBEC, *FAQs: Issuance of the Standard Certificate and Renewal Requirements, Including Continuing Professional Education* (visited Apr. 24, 2000) <http://www.sbec.state.tx.us/certren/certren.htm>. Superintendents, principals, and assistant principals must complete 200 clock hours of continuing professional education every five years. *See id.* And the SBEC by rule must provide for "a certified educator to qualify for additional certification to teach at a grade level or in a subject area not covered by the educator's certificate." TEX. EDUC. CODE ANN. § 21.056 (Vernon Supp. 2000); *see also* 19 TEX. ADMIN. CODE § 230.199 (1999) (SBEC Endorsements).

In sum, the SBEC's rule-making authority extends to establishing standards for various certification and continuing-education programs and to establishing a system for evaluating

certification and continuing-education programs. Additionally, the SBEC has authority to identify "continuing education courses and programs that fulfill educators' continuing education requirements." TEX. EDUC. CODE ANN. § 21.054(a) (Vernon 1996).

In our opinion, the SBEC lacks authority to use its Internet website as a portal that may be used to directly access certification, continuing-education, or career-development courses offered by other entities. The authority to establish standards for and evaluate certification and continuing-education courses and to identify approved courses does not encompass authority to allow the SBEC to use its website to directly facilitate the sale of various courses to consumers. Nor can the SBEC's statutory authority to "regulate" and "oversee" the certification and continuing education of public school educators be stretched to suggest that the legislature contemplated that the SBEC would use its identity to provide direct access to approved courses. *See id.* § 21.031(a). The authority to regulate is the authority to control or direct by rule, *see* XIII OXFORD ENGLISH DICTIONARY 524 (1989); the authority to oversee is the authority "to watch over," "to inspect," or "to supervise." X OXFORD ENGLISH DICTIONARY 1115-16 (1989).

Your remaining questions, regarding the SBEC's potential liability for illegal conduct on the part of those course providers to which the SBEC provides access on its website, are premised upon a conclusion that the SBEC may, in fact, use its website as an Internet portal. *See* Request Letter, *supra*, at 4. You also suggest that the SBEC's proposed use of its website might be viewed by consumers as endorsing those courses to which the SBEC provides direct access, and you ask whether such a use might conflict with the SBEC's statutory authority. *Id.* Given our conclusion, we do not answer these questions.

Nevertheless, the issues you raise underline important policy reasons for concluding as we have. Where, as here, a state agency proposes to participate in Internet commerce by allowing third-party course providers to use a state website as a method of direct access between consumers and course providers, we believe the agency should have legislative approval. The legislature is the appropriate public body to determine whether and the extent to which a state agency created by the legislature may use its government website to participate in Internet commerce or to facilitate others' participation in such commerce.

## S U M M A R Y

The State Board for Educator Certification has no authority to use its Internet website as a portal for distance-learning courses that other entities have developed and offered.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee