ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 18, 2005

The Honorable Troy Fraser
Chair, Committee on Business and Commerce
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0325

Re: Whether police officers in a civil service municipality who advance in rank because of an officer's military leave of absence may be demoted to their former positions once the officer returns from military service (RQ-0282-GA)

Dear Senator Fraser:

You ask, on behalf of the City of League City, Texas (the "City"), whether police officers in a civil service municipality who advance in rank because of an officer's military leave of absence may be demoted to their former positions once the officer returns from military service.[1]

You inform us that the City adopted civil service status and established a civil service commission (the "commission") for its fire and police departments. Request Letter, *supra* note 1, at 2. Positions in the City's police department consist of four grades: (1) officer; (2) sergeant; (3) lieutenant; and (4) captain. *Id.* A police department lieutenant received a military leave of absence to serve in Afghanistan. *Id.* The commission filled the lieutenant's position by promoting a sergeant from an existing list of eligible candidates. *Id.* That promotion left a vacancy in the sergeant's position, which the chief of police filled by designating a grade-one officer from an existing eligibility list. *Id.* You ask whether, when the lieutenant returns and assumes his former rank and position, as is the lieutenant's right under section 143.072(c) of the Local Government Code, the commission has the authority to return the other officers to their former positions as sergeant and grade-one officer. *Id.* at 2; *see* TEX. LOC. GOV'T CODE ANN. § 143.072(c) (Vernon Supp. 2004-05).

Under a chapter 143 civil service system, responsibility for employment decisions is allocated among the municipality's governing body, its civil service commission, and police and fire department heads. The municipal governing body is responsible for the classification and number of police and fire fighter positions, which it must establish by ordinance. TEX. LOC. GOV'T CODE ANN. § 143.021(a) (Vernon 1999). Additionally, the municipal governing body is authorized to vacate or abolish police or fire department positions by enacting a force reduction ordinance. *Id.* § 143.085.

_____

[1]Letter from Honorable Troy Fraser, Chair, Senate Committee on Business and Commerce, Texas State Senate, to Honorable Greg Abbott, Texas Attorney General (Oct. 25, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Chapter 143 prescribes specific procedures for the municipality's civil service commission and department heads to fill civil service positions. Generally, positions or classifications are filled from an eligibility list compiled by the commission according to appropriate examination procedures. *Id.* §§ 143.021(b)-(c), .036(a)-(h). The department head must appoint the eligible promotion candidate with the highest grade on the eligibility list unless, for a "valid reason," the department head follows the procedures for bypassing that individual and appointing another from the list. *Id.* § 143.036(f). Additionally, the department head has authority to "designate a person from the next lower classification to temporarily fill a position in a higher classification." *Id.* § 143.038(b) (Vernon 1999). However, the temporary performance of such duties "may not to be construed as a promotion." *Id.* § 143.038(c).

Section 143.072 of the code expressly authorizes certain advancements and reductions in rank to facilitate military leaves of absence. *Id.* § 143.072(a)-(h) (Vernon Supp. 2004-05); *see generally* Tex. Att'y Gen. Op. No. GA-0174 (2004) at 1. When an officer is granted military leave the commission must fill the officer's position "in accordance with" the civil service provisions of chapter 143. TEX. LOC. GOV'T CODE ANN. § 143.072(c) (Vernon Supp. 2004-05). However, the person filling the absent officer's position "is subject to replacement by the person who received the military leave at the time the person returns to active duty in the department." *Id.* A person returning from active military service "is entitled to be reinstated to the position that the person held in the department at the time the leave of absence was granted," provided the person receives an honorable discharge, remains physically and mentally fit, and timely applies for reinstatement. *Id.* § 143.072(d)(1)-(3). As to the replacement who is displaced by the return of an officer from military leave, the statute provides:

> If the reinstatement of a fire fighter or police officer who received a military leave of absence causes that person's replacement to be returned to a lower position in grade or compensation, the replaced person has a preferential right to a subsequent appointment or promotion to the same or a similar position from which the person was demoted. This preferential right has priority over an eligibility list and is subject to the replaced person remaining physically and mentally fit to discharge the duties of that position.

*Id.* § 143.072(f).

Section 143.072 does not address the situation of a person in a lower classification whose advancement in rank is indirectly caused by a military leave of absence. You state that the commission filled the lieutenant's position by promoting a sergeant pursuant to section 143.036, and the chief of police appointed a grade-one officer to fill temporarily the position of sergeant under section 143.038. You suggest that under section 143.072 of the code, the lieutenant's return will effect an involuntary "demotion" of the officer promoted to lieutenant back to the rank of sergeant, which "will, in turn, require that the Officer previously promoted to the Sergeant position be 'demoted' to his [grade-one] Officer position." Request Letter, *supra* note 1, at 2. You ask whether section 143.072 implicitly grants the commission authority to return the officer serving as sergeant back to the rank of grade-one officer. *Id.*

A civil service commission is an administrative agency, which has only the powers expressly granted to it by statute, along with those necessarily implied from the authority conferred or duties imposed. *Stauffer v. City of San Antonio*, 344 S.W.2d 158, 160 (Tex. 1961). Under section 143.072, when an officer is granted a military leave of absence, "the commission shall fill the person's position in the department in accordance with this chapter." TEX. LOC. GOV'T CODE ANN. § 143.072(c) (Vernon Supp. 2004-05). The commission's general authority to fill positions is found in the description of procedures for filling a vacant position by promotion in section 143.036. *See id.* § 143.036 (Vernon 1999). However, under section 143.072, the position of an officer on a military leave of absence is not a vacant position. Consequently, while it is appropriate for the commission to follow section 143.036 procedures for filling a position while an officer is on a military leave of absence under section 143.072, the resulting appointment cannot be considered a permanent appointment. When the officer on leave returns, the replacement officer may be "returned to a lower position." *Id.* § 143.072(f) (Vernon Supp. 2004-05).

Section 143.072 does not address the commission's authority to demote other subordinate officers whose advancement in rank is indirectly caused by a superior officer's military leave. Here, however, the grade-one officer was not officially promoted to sergeant but instead was assigned by the police chief to fill the sergeant position temporarily under section 143.038. *See id.* § 143.038 (Vernon 1999). As section 143.038 expressly states, a "department head may designate a person from the next lower classification to temporarily fill a position in a higher classification." *See id.* § 143.038(b). Because it is temporary, the designation "may not be construed as a promotion." *See id.* § 143.038(b). Consequently, when the lieutenant returns from the military leave of absence, the head of the police department may declare the temporary assignment at an end, and the grade-one officer simply resumes the officer's former duties. We do not opine about the authority of the commission and the department head to fill positions temporarily other than in the context of facilitating a military leave of absence under section 143.072.

## S U M M A R Y

A police officer or fire fighter who fills the position of an officer on a military leave of absence under section 143.072 of the Local Government Code is subject to replacement upon the officer's return from leave. When a city civil service commission has filled a position under section 143.072 with a replacement officer, a department head may assign a subordinate officer to perform the duties of the replacement officer under section 143.038. Such an assignment is not a civil service promotion, and may be ended by the department head as circumstances warrant.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee