The Honorable Royce West Chair, Committee on Intergovernmental Relations Texas State Senate Post Office Box 12068 Austin, Texas 78711-2068
Re: Whether a local civil service commission may impose a fee for an applicant to take a fire department promotional civil service examination (RQ-0912-GA)
Dear Senator West:
You ask whether a local civil service commission may impose a fee for an applicant to take a fire department promotional civil service examination.[1]
A civil service commission must "provide for open, competitive, and free entrance examinations to provide eligibility lists for beginning positions in the fire and police departments." TEX. LOC. GOV'T CODE ANN. § 143.025(a) (West 2008) (emphasis added). Promotional examinations are "open to each fire fighter who at any time has continuously held for at least two years a position in the classification that is immediately below, in salary, the classification for which the examination is to be held."Id. § 143.030(b). You ask whether a civil service commission may charge a fee for a fire department promotional examination. Request Letter at 2.
Unlike the case with entrance examinations, chapter 143 does not specify that a promotional examination shall be "free." Nevertheless, the absence of any statutory authority to impose a fee in this case precludes a commission from doing so because a local civil service commission "is not vested with the expansive authority of a home-rule city." Tex. Att'y Gen. Op. No. GA-0586 (2007) at 2. Therefore, a commission "has only such powers as are expressly granted to it by statute together with those necessarily implied from the authority conferred or duties imposed." Staujfer v. Cityof San Antonio, 344 S.W. 2d 158, 160 (Tex. 1961).
A court "will generally not imply authority to impose a fee, and as such, a public entity other than a home-rule city may not charge a fee unless that fee is specifically authorized by law." Tex. Att'y Gen. Op. No. GA-0735 (2009) at 2; see
Tex. Att'y Gen. Op. Nos. GA-0544 (2007) at 4 (a court strictly construes a statute imposing a fee and will not imply authority to impose a fee) (citing Moore *Page 2 v. Sheppard, 192 S.W.2d 559, 561 (Tex. 1946),DM-22 (1991) at 1 (public entity other than home-rule city may charge fee only when specifically authorized by law, and not by implication)); accord Tex. Att'y Gen. Op. Nos. JM-345 (1985) at 3, H-647 (1975) at 2, WW-1482 (1962) at 3.
Because a civil service commission lacks express statutory authority to impose a fee for an applicant to take a fire department civil service promotional examination, we conclude that a commission may not impose such a fee. *Page 3 
 SUMMARY Because a civil service commission lacks express statutory authority to impose a fee for an applicant to take a fire department civil service promotional examination, a civil service commission may not impose such a fee.
Very truly yours,
 GREG ABBOTT Attorney General of Texas
 DANIEL T. HODGE First Assistant Attorney General
 DAVID J. SCHENCK Deputy Attorney General for Legal Counsel
 NANCYS. FULLER Chair, Opinion Committee
 Rick Gilpin Assistant Attorney General, Opinion Committee
[1] Request Letter (available at
http://www.texasattorneygeneral.gov). *Page 1