

# The Attorney General of Texas

June 29, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main. Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Mrs. Margaret L. Rowland, R.N.
Executive Secretary
Board of Nurse Examiners for the
   State of Texas
7600 Chevy Chase Drive, Suite 502
Austin, Texas 78752

Opinion No. H- 1199

Re: Whether the Board of Nurse Examiners may probate a revocation or suspension of a nurse's license.

Dear Ms. Rowland:

You have requested our opinion regarding whether the Board of Nurse Examiners may probate a revocation or suspension of a nurse's license.

Article 4525, V.T.C.S., which describes the procedure by which the Board shall conduct disciplinary proceedings, authorizes the Board to

> refuse to admit persons to its examinations, or . . . refuse to issue a license or certificate of registration or to issue a certificate of re-registration, or . . . suspend for any period up to a year, or . . . revoke the license or certificate of registration or certificate of re-registration of any practitioner of professional nursing . . . .

Although the statute permits the Board to "issue a warning or reprimand" after a "preliminary investigation," any disciplinary action taken against a licensed nurse, which action results from a hearing, is clearly limited to revocation or suspension of the nurse's license.

It is well established that an administrative agency may exercise only those powers which are expressly granted to it by statute, together with those necessarily implied therefrom. Stauffer v. City of San Antonio, 344 S.W.2d 158, 160 (Tex. 1961). As we said in Attorney General Opinion H-928 (1977), the rules of an administrative agency may not enlarge upon the scope of the statute from which it derives its authority. See also Attorney General Opinions H-870 (1976); H-842 (1976); H-669 (1975).

Furthermore, a number of other boards are specifically empowered to probate an order revoking or suspending a practitioner's license. See V.T.C.S. art. 4512c, S 23 (Board of Examiners of Psychologists); V.T.C.S. art. 4506 (Board of Medical Examiners); V.T.C.S. art. 4512b, S 14 (Board of Chiropractic Examiners). In our opinion, the absence of any such express authority from article 4525 indicates a legislative intent that probation is not an alternative which is currently available to the Board of Nurse Examiners. Accordingly, it is our view that, under present law, the Board of Nurse Examiners may not probate a revocation or suspension of a nurse's license.

## SUMMARY

Under present law, the Board of Nurse Examiners may not probate a revocation or suspension of a nurse's license.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn