

# The Attorney General of Texas

August 9, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Margaret L. Rowland
Executive Secretary
Board of Nurse Examiners
  for the State of Texas
7600 Chevy Chase Drive
Austin, Texas 78752

Opinion No. MW-42

Re: Authority of the Board of Nurse Examiners to issue rules and regulations for the practice of nursing by advanced registered nurse practitioners.

Dear Ms. Rowland:

You ask whether the Board of Nurse Examiners has statutory authority to issue rules and regulations for the practice of advanced registered nurse practitioners. Article 4514, V.T.C.S., authorizes the board to

> make such by-laws and rules as may be necessary to govern its proceedings and carry into effect the purpose of this law. . . .

See also Administrative Procedure and Texas Register Act, V.T.C.S. art. 6252-13a, S 4(a)(1), which relates to rules of practice before the agency. The board has authority under article 4518, V.T.C.S., to prescribe regulations for accredited schools of nursing and educational programs for the preparation of professional nurses. Attorney General Opinion H-896 (1976) determined that the board may accredit specialty programs in nursing offered by colleges and universities. Pursuant to that opinion the board has promulgated rules for an "advanced nurse practitioner program" even though there is no authority for a separate licensing category of advanced nurse practitioners.

Attorney General Opinion H-1093 (1977) involved the prohibition against using designations which would tend to imply falsely that an individual was a registered nurse. That opinion indicated that the Board of Nurse Examiners could promulgate regulations which "would have the effect of apprising potential violators of those designations whose use the board intends to prosecute." The opinion indicated that such regulations would not have the force of law and that any prosecution would be required to be based on the statute rather than on the regulation. See Chrysler Corp. v. Brown,

47 U.S.L.W. 4434 (U.S. April 18, 1979); Skidmore v. Swift & Co., 323 U.S. 134, 137-140 (1944); Davis, Administrative Law Treatise, §§ 5.01, 5.03 (1958).

The board lacks authority to promulgate comprehensive rules having the force of law that substantively regulate the practice of nursing. Administrative agencies have only those powers expressly granted by statute or implied from statutory authority and duties. Stauffer v. City of San Antonio, 344 S.W.2d 158, 160 (Tex. 1961); Attorney General Opinions H-1199 (1978), H-1093 (1977); see Board of Insurance Commissioners v. Guardian Life Insurance Co., 180 S.W.2d 906, 908 (Tex. 1944); Humble Oil & Refining Co. v. Railroad Commission, 128 S.W.2d 9, 15 (Tex. 1939); Harris, The Administrative Law of Texas, 29 Tex. L. Rev. 213 (1950). The board has no express authority to regulate the practice of nursing. Compare V.T.C.S. art. 4509 (Board of Medical Examiners may make rules regulating the practice of medicine); V.T.C.S. art. 4512b (Board of Chiropractic Examiners may make rules regulating practice of chiropractic); V.T.C.S. art. 4551d (Board of Dental Examiners may make rules defining acts of practice and governing relationship between dentists, dental hygienists, and dental assistants).

In Kee v. Baber, 303 S.W.2d 376 (Tex. 1957), the Supreme Court examined a broad grant of rule-making power which authorized the Board of Examiners in Optometry "to make such rules and regulations not inconsistent with this law as may be necessary for the performance of its duties, the regulation of the practice of optometry and the enforcement of this Act." Acts 1939, 46th Leg., ch. 4, § 3 at 362. This grant of power, which authorized board rules regulating "bait" advertising and corporate practice, was contrasted with the narrower delegation of power to such administrative bodies as the Board of Nurse Examiners. Kee v. Baber, supra at 379, n. 4. In the absence of more specific statutory authority, the board may not promulgate rules having the force of law limiting, or dictating methods of practice by advanced registered nurse practitioners.

### SUMMARY

The Board of Nurse Examiners may not issue substantive rules having the force of law regulating the practice of advanced registered nurse practitioners.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by C. Robert Heath
and Susan Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bill Campbell
Rick Gilpin
William G Reid
Bruce Youngblood