

# The Attorney General of Texas

January 28, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Max C. Butler, M.D.
Texas State Board of Medical Examiners
211 East Seventh Street
Austin, Texas 78701

Opinion No. MW-131

Re: Authority of Board of Medical Examiners to promulgate rules relating to issuance of Basic Science Certification.

Dear Dr. Butler:

You have requested our opinion regarding the authority of the Board of Medical Examiners to waive certain requirements imposed upon applicants for a medical license.

The 66th Legislature abolished the State Board of Examiners in the Basic Sciences, and repealed in its entirety the statute relating to the Board, article 4590c, V.T.C.S. House Bill 1249, Acts, 66th Leg., ch. 556, §§ 2, 4, at 1153. The legislature simultaneously enacted section 3 of article 4590c-1, which provides:

> (a) Prior to the issuance of a license to practice any profession or occupation granted by the Boards of Medical Examiners or Chiropractic Examiners, such board shall require from a person otherwise qualified by law, evidence, verified by transcript of credits, certifying that such person has satisfactorily completed 60 or more semester hours of college credits at a college or university which issues credits acceptable by The University of Texas at Austin leading toward a Bachelor of Arts or a Bachelor of Science degree. Said credits shall include the satisfactory completion of courses in anatomy, physiology, chemistry, bacteriology, pathology, hygiene, and public health with an average of 75 percent or better in each of such courses. The sequence of such courses shall be in the manner as from time to time is required by The University of Texas at Austin.

(b) The applicable board may charge a fee of not more than $50 for verification of the satisfaction of the completion of the courses described in Subsection (a) of this section.

(c) Any license to practice issued after the effective date of this Act by the boards identified in Subsection (a) of this section contrary to this Act shall be void.

(d) Any person who knowingly obtains a license from the boards identified in Subsection (a) of this section, or assists another in so doing, without complying with this Act, or who presents any information called for in this Act obtained by dishonesty or fraud or by any forged or counterfeit means, or who knowingly acts, advises, or assists another in so doing, shall be subject to a Class A misdemeanor and upon conviction shall be punished in accordance with Section 12.21, Penal Code.

(e) All funds on hand in the basic science examination fund shall be allocated and transferred by the comptroller to the respective boards identified above, prorated on the basis of the number of certificates of proficiency issued by the Board of Science to licensees of such board during the fiscal year immediately preceding the effective date of this Act. Such funds may be used by the Boards of Medical Examiners and of Chiropractic Examiners to carry out the provisions of this Act.

You explain that problems have arisen in regard to applicants who are unable fully to meet the requirements of section 3(a), specifically (1) applicants who have not completed the requisite courses with a grade of 75 or higher and (2) applicants who are unable to produce a verified transcript of credits. You ask whether the Board may waive the grade requirement by substituting any of the following alternatives: (1) by examining applicants to determine whether they have the requisite knowledge of the referenced basic science courses; (2) by considering credentials acquired subsequent to graduation from medical school and (3) by averaging grades in the basic science courses to obtain an overall score.

Although the former Board of Examiners in the Basic Sciences may have adopted rules permitting the substitution of one or more of the aforementioned alternatives, section 3(a) grants to the Board of Medical Examiners no such discretion. The statute makes clear that an applicant for a license must attain a grade of 75 or better "in each of [the listed] courses." (Emphasis added). It is well established that an administrative agency has only those powers which are expressly granted to it by statute or necessarily implied therefrom. Stauffer v. City of San Antonio, 344 S.W.2d 158, 160 (Tex. 1961). See Attorney General Opinions H-1199 (1978); H-928 (1977); H-870 (1976); H-669 (1975). Neither section 3 of article 4590c-1, nor any other statute which has come to our attention, furnishes any basis for allowing the Board to waive the grade average requirement. We conclude that the Board is without authority to adopt a rule which would in certain instances permit such waiver.

As to applicants who are unable to produce a "verified . . . transcript of credits," it is equally evident that the Board may not merely waive this requirement. In the context

of higher education, both "transcript" and "credit" have well-recognized meanings. A "transcript" is "an official copy of a student's record at an educational institution," while a "credit" constitutes "recognition by a school or college typically measured in credit hours that a student has fulfilled a requirement leading to a degree." Webster's New International Dictionary (3d ed. 1961). Although the statute does not direct that the "transcript of credits" be submitted in any particular form, we believe that the Board must require from every applicant some sort of certified or official document containing the specific information described in the statute. Where the applicant claims credits from a foreign institution, both the form of the document and the method of certification may vary to a considerable degree, and, so long as it acts reasonably, the Board may, in our opinion, take such factors into account. Whether any particular transcript satisfies the statutory requirement involves the determination of facts which we cannot resolve in the opinion process.

## SUMMARY

The Board of Medical Examiners is without authority under section 3 of article 4590c–1, V.T.C.S., to waive the statutory requirements that applicants for a medical license submit a verified transcript of credits demonstrating completion of specified courses with a grade of 75 or higher.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Bob Gauss
Rick Gilpin
Bruce Youngblood