

# The Attorney General of Texas

'M MATTOX
ttorney General

.preme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
2/475-2501
Hex 910/874-1367
Telecopier 512/475-0266

4 Jackson, Suite 700
Uallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
15/533-3484

1001 Texas, Suite 700
ouston, TX. 77002-3111
13/223-5886

X6 Broadway, Suite 312
ubbock, TX. 79401-3479
806/747-5238

309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
12/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 21, 1984

Mr. Dorman H. Winfrey
Director and Librarian
Texas State Library & Archives
   Commission
P. O. Box 12927
Austin, Texas    787. 1

Opinion No. JM-256

Re: Authority of the Texas
State Library and Archives
Commission to transfer federal
funds to other state agencies
for library services

Dear Mr. Winfrey:

You ask whether the Texas State Library Commission has authority under article 5435, V.T.C.S., to grant federal funds to state eleemosynary institutions to use in developing library services for their residents.

Your first question is as follows:

> Is it legal for the Library and Archives Commission to make a cash grant from federal funds to another state board or commission to improve library services for residents of that state institution?

The commission has for many years purchased library materials for state institutions from federal funds. See V.T.C.S. art. 5436. It has not made cash grants in the past and wishes to know whether it has such authority under section 1 of article 5435, V.T.C.S.

You next ask

> whether such grants would be subject to the conditions and limitations of an interagency cooperation contract as provided for in the Interagency Cooperation Act, article 4413(32), or whether the commission may enter into grant agreements with other agencies under article 5435 under its own authority and without approval of the State Purchasing and General Services Commission.

Contracts entered into under the Interagency Cooperation Act are subject to approval by the State Purchasing and General Services Commission.  V.T.C.S. art. 4413(32), §5.  If the commission has authority to make such grants under article 5435, V.T.C.S., you wish

to know whether its discretion to formulate grant contract terms would be limited by the requirements of the Interagency Cooperation Act.

You finally ask:

> Would such a federal grant or interagency contract to another agency be prohibited by article V, section 58 of the 1984-1985 General Appropriations Act, Senate Bill No. 179, Sixty-eighth Legislature, Regular Session, 1983, unless specifically authorized in the Appropriations Act?

Sections 2 through 5 of article 5435, V.T.C.S., set out various powers of the commission, such as certifying county librarians, appointing a director and state librarian as well as other personnel for the State Library and Archives, and developing personnel policies and procedures. Section 1 of article 5435, V.T.C.S., provides as follows:

> The Commission shall be responsible for the adoption of all policies, rules and regulations so as to aid and encourage the development of and cooperation among all types of libraries, including but not limited to public, academic, special, and other types of libraries, collect materials relating to the history of Texas and the adjoining states, preserve, classify and publish the manuscript archives and such other matters as it may deem proper, diffuse knowledge in regard to the history of Texas, encourage historical work and research, mark historic sites and houses and secure their preservation, and aid those who are studying the problems to be dealt with by legislation.

Administrative agencies have only those powers expressly granted by statute or necessarily implied from express powers. Stauffer v. City of San Antonio, 344 S.W.2d 158 (Tex. 1961). Article 5435, V.T.C.S., does not expressly authorize the commission to make cash grants to other state agencies for library purposes. We do not believe this power is necessarily implied from article 5435, section 1.

Prior opinions of this office have required express authorization for state agencies to institute cash grant programs. See Attorney General Opinions MW-532 (1982) (Agricultural Extension Service may not make grants for reforestation); H-1272 (1978) (Mobile Home Performance Certification Board may not make grants for consumer education); cf. H-120 (1973) (express statutory authority necessary to receive federal grants). The legislature has in fact expressly authorized some state agencies to make cash grants to other entities. See, e.g., V.T.C.S.

art. 46d-12 (Texas Aeronautics Commission); V.T.C.S. art. 4413(201), §4 (Texas Department of Community Affairs). See also Attorney General Opinions MW-423 (1982); H-416 (1974); H-140 (1973); C-673 (1966) (construing statutes that expressly authorize state agencies to make grants).

The constitution vests in the legislature authority to direct how public funds shall be used and to allocate them among state agencies. Tex. Const. art. III, §35, §44; art. VIII, §6. See Attorney General Opinion H-207 (1974); Letter Advisory No. 2 (1973) (legislation authorizing governor to transfer funds between appropriation items is unconstitutional). The legislature exercises this power by enacting general laws defining the agency's powers and duties and by appropriating funds to the agency to carry out its legislative mandate. The General Appropriations Act in recent years has included a provision appropriating federal funds to the agencies which receive them. See Acts 1983, 68th Leg., ch. 1095, art. V, §20, at 6216; Acts 1955, 54th Leg., ch. 519, art. VI, §24, at 1593; Attorney General Opinion M-266 (1968). Appropriations not expended or obligated by the end of the appropriation period lapse and return to the treasury. Tex. Const. art. VIII, §6; Attorney General Opinions O-5266 (1943); O-2941 (1940).

When the legislature authorizes an agency to grant appropriated funds to other state agencies, it has delegated away some of its own authority to allocate public funds among state agencies. We cannot conclude that the legislature intended broad, general language such as that found in article 5435, section 1, to include power to grant funds to other agencies. The legislature has expressly authorized some agencies, including the State Library Commission, to make grants under statutory guidelines. See V.T.C.S. arts. 5436, 5436a; 5446a. Federal grant programs are based on express authorization by Congress. See Mason, Highlights, in Federal Grant Law, 1-2 (M. Mason ed. 1982); Madden, The Constitutional and Legal Foundations of Federal Grants, id. 10-11; Mason, Grant Rule Making, id. 45. Such statutes would be surplusage if states and federal agencies could establish grant programs in reliance on implied powers.

The Texas courts have not decided whether a state agency must have express statutory authority to make cash grants to other agencies. We cannot, however, reasonably adopt a doctrine of statutory construction which would automatically give agencies such power unless the legislature expressly denied it. In our opinion, legislative silence on the subject of cash grants to other agencies signifies legislative intent to withhold power to make grants. The State Library and Archives Commission lacks authority to make cash grants to other state agencies under section 1 of article 5435, V.T.C.S.

Because the commission lacks authority to make a cash grant from federal funds to a state institution to improve library services for its residents, we need not address your second and third questions

which concern whether other provisions of law would apply to such transactions. If the legislature wishes to authorize the commission to make such grants, problems raised by these provisions can be resolved in the legislative process. See Attorney General Opinions H-170 (1973); M-601 (1970); WW-1120 (1961) (alternative sources of authority for particular interagency contracts).

## S U M M A R Y

Article 5435, V.T.C.S., does not authorize the Texas State Library and Archives Commission to transfer federal funds to state eleemosynary institutions for library services.

Very truly yours

**J I M   M A T T O X**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton