

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

11 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 13, 1984

Honorable Lloyd Doggett
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas   78711

Opinion No.   JM-188

Re:  Whether the Texas Department of Human Resources may prohibit workers from performing court ordered social studies on their own time

Dear Senator Doggett:

You have requested an opinion on the validity of a policy of the Texas Department of Human Resources under which its child protective service workers are prohibited from performing court ordered social studies on their own time in disputed custody suits, even though the department has no official relationship with the parties involved in the proposed study.  The existence of a conflict of interest in dual employment is a question of fact which ordinarily must be determined by the agency on a case-by-case basis, but we believe the department may find that a conflict of interest exists for all of its employees who would compete with the department for appointments and revenue under sections 11.12 and 11.18(c) of the Family Code or would perform services which may have other adverse affects on the department.

Section 11.12 of the Family Code provides, in pertinent part:

> (a)  In a suit affecting the parent-child relationship, the court may order the preparation of a social study into the circumstances and condition of the child and of the home of any person seeking managing conservatorship or possession of the child.

> (b)  The social study may be made by any state agency, including the Texas Department of Human Resources, or any private agency, or any person appointed by the court . . . .  (Emphasis added).

House Bill No. 642 of the Sixty-eighth Legislature amended section 11.18 of the Family Code by adding subsection (c), which reads as follows:

(c) If the court orders the Texas Department of Human Resources to prepare the social study prescribed by Section 11.12 of this code, the court <u>shall</u> award a reasonable fee for the preparation of the study to the department. The department's fee shall be taxed as costs, and shall be paid directly to the department. The department may enforce the order for the fee in its own name. (Emphasis added).

A conference committee for House Bill No. 642 intentionally determined that the language of section 11.18(c) is mandatory instead of permissive. The conference committee bill analysis and the bill's fiscal note estimate that the bill will result in sizeable revenue gains to the department's Welfare Administration Operating Fund, with corresponding reductions in the state and federal funds required for the operation of the department.

The Department of Human Resources has the powers expressly granted to it by statute together with those necessarily implied from the authority conferred or duties imposed. See <u>Stauffer v. City of San Antonio</u>, 344 S.W.2d 158, 160 (Tex. 1961). The Texas Board of Human Resources is responsible for the adoption of policies and rules for the government of the department. Human Resources Code, §21.003(a). The commissioner of Human Resources may employ personnel necessary for the administration of the department's duties. Sec. 21.005(c). We believe that reasonable personnel policies for which there is an adequate showing of need are authorized under the department's implied powers. Attorney General Opinion JM-93 (1983) expressed the opinion that a necessary concomitant of the authority to employ persons needed by an agency to perform its duties is the power to adopt reasonable employment policies calculated to insure the achievement of its objectives.

A public employee is not prohibited per se from simultaneously holding two different state employments or from simultaneously holding both state and private employments. See Attorney General Opinions JM-22 (1983); MW-415 (1981). Under the Department of Human Resources' policy for dual employment, activity presenting a possible conflict of interest with the employee's job duties must be reviewed and approved by the department. Rule 7200 of the department's personnel procedures prescribes the following:

7200 Other Employment

Department employees may wish to become involved with employment or activities outside the department. This practice is generally acceptable to the department as long as the additional

employment or activity is compatible with the department's work. Employees must not participate in employment or activity that violates the standards of conduct as prescribed in TEX. REV. CIV. STAT. ANN., art. 6252-9b, Section 8, known as the ethics code.

. . . .

All requests for participation in dual employment or activities are considered on an individual basis except that:

1. Employees of the department may not hold positions in both county and state protective services programs.

2. Employees may not participate in those political activities listed in Item 7112, Political Activities Prohibited.

All other requests for participation in dual employment or activities are carefully reviewed to determine if they are compatible with the employee's assigned responsibilities in the department. The dual employment or activity may not conflict with the employee's relationship with department clients, contractors, providers, persons regulated by the Licensing Branch, or the employee's job in the department. Employees approved to participate in dual employment or activities must not use clients' or licensees' names or other information from any department files in connection with the part-time employment or activity. Employees must not use their official position or identification to influence, threaten, or coerce any person in connection with part-time employment. Employees approved to engage in off-duty employment or activities must not conduct any non-departmental business activity during duty hours. The only way an employee may conduct business for an outside activity during duty hours is for the activity to be department-related, such as councils of government, child welfare boards, or various advisory boards. The activity must be approved at the regional or state office level. Employees who violate these instructions may be subject to dismissal.

> Personnel committees responsible for approving dual employment or activity requests should carefully consider the following outside activities:
>
> . . . .
>
> 9. Engaging in the independent activity of providing court-ordered social studies. (This type of request should be referred to the state office Personnel Committee.)

It is not suggested that Rule 7200 is per se an unreasonable procedure for screening dual employment activity that may involve conflicts of interest. The question is its present application to certain of the department's employees. We understand that since the effective date of section 11.18(c), the department has held that a conflict of interest exists in all cases involving child protective service workers who wish to perform court-ordered social studies on their own time.

Whether a conflict of interest exists is a question of fact which ordinarily must be determined by the agency on a case-by-case basis in light of the specific duties performed by the employee. However, we cannot say that the department may not validly determine that a conflict of interest exists in every instance in which a child protective service worker in his individual capacity competes with his employer, the Department of Human Resources, for court appointments and revenue anticipated by the department and the legislature under the recently enacted section 11.18(c) of the Family Code or adversely affects other aspects of the department, such as its anticipated workload or its credibility if the courts confuse the source of studies prepared by workers in their individual capacities.

One's right to work and earn an income, whether characterized as a liberty or a property interest, is a valuable right which should not be curtailed without legitimate state interest. See Bishop v. Wood, 426 U.S. 341 (1976); The Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972); Perry v. Sindermann, 408 U.S. 593 (1972); Schware v. Board of Bar Examiners of the State of New Mexico, 353 U.S. 232 (1957); Attorney General Opinion H-1317 (1978). It is our opinion that a prohibition against outside employment will be upheld by the courts inasmuch as the prohibition is reasonably related to the legitimate interest of the state in prohibiting outside employment that creates a conflict of interest. See Gosney v. Sonora Independent School District, 603 F.2d 522 (5th Cir. 1979); Attorney General Opinion JM-93 (1983).

## S U M M A R Y

The Texas Department of Human Resources may prohibit workers from performing court-ordered social studies on their own time when the workers' dual employment creates a conflict of interest by competing with the department for court appointments and revenue under sections 11.12 and 11.18(c) of the Family Code or by adversely affecting other aspects of the department.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Susan Garrison
Jim Moellinger
Nancy Sutton