

# The Attorney General of Texas

April 9, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Government Center
Dallas, Texas   75202

Opinion No. JM-471

Re: Whether a corporate surety may substitute an agent's name on a license without fulfilling the requirement of a new application for licensing

Dear Mr. Wade:

The statute which governs the licensing of bail bondsmen in certain counties, article 2372p-3, V.T.C.S., requires a corporate surety to designate a named agent of the corporation to execute bail bonds on behalf of the licensed corporate surety. A separate license, which is valid for 24 months, is required for each agent. You inform us that a corporate surety licensed by the Dallas County Bail Bond Board desires to replace one of its designated agents with a new agent, one not yet licensed. You wish to know whether the Dallas County Bail Bond Board may permit the newly designated agent's name to be substituted for that of the previously designated agent for the portion of the 24-month period remaining on the previously designated agent's license. We answer your question in the negative.

Subsection (c) of section 7 of article 2372p-3, V.T.C.S., governing a corporation acting as a surety, provides the following:

> Any corporation which acts as a surety shall, before executing any bail bond, first file in the office of the county clerk of the county where such bail bond is given a power of attorney designating and authorizing the named agent of such corporation to execute such bail bonds by such agent. This power of attorney shall be a valid and binding obligation of the corporation. <u>A separate license is required for each agent operating under a corporation power of attorney.</u> (Emphasis added).

Subsection (a) of section 8 governing the expiration and renewal of a license provides in part:

> A license issued under this Act expires 24 months after the date of its issuance and may not be renewed unless an application for renewal is filed with the board at least 30 days before expiration. The application for renewal shall have the same form and content as an application for an original license under this Act. The application for renewal shall be accompanied by a renewal fee of $500.

Section 6 of the act governing application and issuance of a license sets forth very detailed and specific information disclosure requirements and provides the following in pertinent part:

> Sec. 6. (a) Any person desiring to act as a bondsman in any court of the county shall file with the County Bail Bond Board a sworn application for a license. The application shall be in such form and shall contain such information as the board may prescribe including the following:
>
> (1) The name, age, and address of the applicant, and if the applicant is a surety corporation, and whether chartered or admitted to do business in this state and qualified to write fidelity, guaranty, and surety bonds under the Texas Insurance Code, as amended;
>
> (2) The name under which the business shall be conducted;
>
> (3) The name of the place or places, including street address and city, wherein the business is to be conducted;
>
> (4) A statement listing any nonexempt real estate owned by the applicant that the applicant intends to convey in trust to the board to secure payment of any obligations incurred by the applicant in the bonding business if the license is granted. The following shall be included for each parcel listed:
>
> [Specific requirements]
>
> (5) A statement indicating the amount of cash or cash value of any certificate of deposit or cashier's checks which the applicant intends to

place on deposit with the county treasurer to secure payment of any obligations incurred by the applicant in the bonding business if the license is granted;

(6)   A complete, sworn financial statement;

(7)   A declaration by the applicant that he will comply with this Act and the rules prescribed by the board.

(b)   The application of an individual for a license under this Act shall be accompanied by letters of recommendation from three reputable persons who have known the applicant for a period of at least three years.   If the applicant is a corporation, the letters shall be required for the person to be in charge of its business in the county. . . .

(c)   The application shall be accompanied by a fee of $500 for the filing of any original application, a photograph of the applicant, and a set of fingerprints of the applicant taken by a law enforcement officer designated by the board.

. . . .

(e)   A hearing shall be held on the application after the board conducts the inquiries required by Subsection (d) of this section. . . .

And finally, subsection 9(a) of the act governing refusal to grant, suspension, and revocation of licenses provides that "[n]o license may be issued to any person who has not complied with the requirements of this [a]ct for applying for an original or renewal license."

The act simply does not authorize the board to permit the sort of substitution about which you inquire.   Article 2372p-3, V.T.C.S., was enacted for the purpose of licensing and regulating bail bondsmen in certain counties.   Pursuant to that end, the statute created at section 5(a) county bail bond boards in such counties and conferred upon them certain powers.   See generally Bexar County Bail Bond Board v. Deckard, 604 S.W.2d 214, 216 (Tex. Civ. App. - San Antonio 1980, no writ); Attorney General Opinions JM-251 (1984); MW-507 (1982). Generally, the powers of an administrative agency are derived entirely from legislative enactment.   Corzelius v. Railroad Commission, 182 S.W.2d 412, 415 (Tex. Civ. App. - Austin 1944, no writ).   An agency

has only such powers as are expressly conferred on it by statute, Stauffer v. City of San Antonio, 344 S.W.2d 158, 160 (Tex. 1961), together with those powers necessarily implied from powers and duties expressly given or imposed. City of Sherman v. Public Utility Commission of Texas, 643 S.W.2d 681, 686 (Tex. 1983).

There is no provision in the act which limits the length of time a licensee may serve as a corporate agent; no re-application for designation as agent is required. Nor does the act limit the number of persons who may be designated as agents by a corporate surety. Subsection 7(c) requires only that any person designated as an agent be also a licensee. The act, though, limits the length of time for which a license may be valid, specifically providing in subsection 8(a) that a license will expire 24 months from its date of issuance. There is no provision in the act which expressly or impliedly permits the substitution on a license of one person's name for another.

An applicant for licensing or renewal is required to provide detailed information about the applicant's financial status, letters of recommendation, and a set of fingerprints. Sec. 6. The required information is used to determine whether the applicant is qualified for licensing. The licensing procedure includes a hearing in which the applicant participates. In view of the detailed scrutiny of the applicant's personal qualifications for licensing which article 2372p-3 requires, it is clear that the legislature did not intend that the county bail bond board could substitute the name of an unlicensed person on a license previously issued to another person. Accordingly, we answer your question in the negative.

## S U M M A R Y

Under article 2372p-3, V.T.C.S., a county bail bond board may not substitute the name of one person not yet licensed for that of another person already licensed.

Very truly yours

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General