ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 20, 2007

The Honorable Kevin Bailey
Chair, Committee on Urban Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0586

Re: Whether a local civil service commission may adopt a rule that awards additional points to applicants on the basis of residency within the municipality (RQ-0599-GA)

Dear Representative Bailey:

You ask whether a local civil service commission may adopt a rule that awards additional points to applicants on the basis of residency within the municipality.[1]

Section 143.025 of the Local Government Code addresses the subject of civil service examinations for municipal fire fighters and police officers. A local civil service commission must "provide for open, competitive, and free entrance examinations to provide eligibility lists for beginning positions in the fire and police departments." TEX. LOC. GOV'T CODE ANN. § 143.025(a) (Vernon Supp. 2007). Another portion of the statute directs that "[a]n additional five points shall be added to the examination grade of an applicant who served in the United States armed forces, received an honorable discharge, and made a passing grade on the examination." Id. § 143.025(f). Subsection (i) then provides the formula for determining an applicant's score on the examination:

> (i) The grade to be placed on the eligibility list for each applicant shall be computed by adding an applicant's points under Subsection (f), if any, to the applicant's grade on the written examination. *Each applicant's grade on the written examination is based on a maximum grade of 100 percent and is determined entirely by the correctness of the applicant's answers to the questions.* The minimum passing grade on the examination is 70 percent. An applicant must pass the examination to be placed on an eligibility list.

Id. § 143.025(i) (emphasis added). You indicate that the civil service commission of the City of Port Arthur (the "Commission") has adopted Rule 9.20(B), which states:

---

[1]Letter from Honorable Kevin Bailey, Chair, Urban Affairs Committee, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (June 26, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> An applicant who can prove that they [sic] have been a bona fide resident of the City of Port Arthur, for three (3) months prior to the examination date and passes the examination shall receive an additional five (5) points. Said points shall be added to the passing grade of the applicant.

Request Letter, *supra* note 1, at 1. You question whether the Commission may "adopt local rules regarding entrance examination grades that allow[] final scores to be determined in a manner other than that specified in section 143.025." *Id.* at 2.

When construing a statute, one's primary objective is to ascertain and give effect to the Legislature's intent. *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006). To determine that intent, we look to the plain and common meaning of the words of a particular statute. *Id.* When the statutory language is unambiguous, we must construe the statute as written. *Id.*

In the situation you present, the Legislature has specified the precise means of calculating an applicant's score on a civil service examination. Section 143.025(i) provides that the formula for computing the "grade to be placed on the eligibility list for each applicant" requires the addition of two components. The first component is the "applicant's grade on the written examination." TEX. LOC. GOV'T CODE ANN. § 143.025(i) (Vernon Supp. 2007). And the grade on the written examination "is determined entirely by the correctness of the applicant's answers to the questions." *Id.* The second component of the "grade to be placed on the eligibility list" is the "applicant's points under Subsection (f), if any," i.e., the applicant's additional points for military service. *Id.* By its plain language, section 143.025(i) does not authorize any additional component to the "grade to be placed on the eligibility list."

The attorneys for the City of Port Arthur and for the Commission contend that the question is whether the Commission's rule is preempted by any portion of section 143.025[2] or by section 150.021(a) of the Local Government Code.[3] Preemption is a principle that applies to home-rule municipalities. *See In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2003) (quoting *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993)). A local civil service commission, however, is not vested with the expansive authority of a home-rule city. When a municipality adopts chapter 143 of the Local Government Code, a Fire Fighters' and Police Officers' Civil Service Commission "is established in the municipality." TEX. LOC. GOV'T CODE ANN. § 143.006(a) (Vernon Supp. 2007). In *Stauffer v. City of San Antonio*, 344 S.W.2d 158 (Tex. 1961), the Texas Supreme Court considered the status of the civil service commission of the City of San Antonio. The court declared that "[a]n administrative agency such as the Civil Service Commission has only such powers as are expressly granted to it by statute together with those necessarily implied

---

[2]*See* Brief from The Parker Law Firm, on behalf of the City of Port Arthur and the Port Arthur Civil Service Commission, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Aug. 10, 2007).

[3]Section 150.021 declares, in part, that "[a] municipality may not require residency within the municipal limits as a condition of employment with the municipality." TEX. LOC. GOV'T CODE ANN. § 150.021(a) (Vernon 1999).

from the authority conferred or duties imposed." *Id.* at 160. The Commission wishes to adopt a rule that permits the award of additional points to an applicant's "grade to be placed on the eligibility list," just as the Legislature has awarded an additional five points for military service. But the Commission is not the Legislature. Rather, its status is that of an administrative agency with only limited powers expressly provided by law. *See Glass v. State*, 244 S.W.2d 645, 652 (Tex. 1952) ("Civil Service Commissions are usually regarded as administrative agencies exercising only purely administrative powers.").

We conclude that section 143.025(i) of the Local Government Code precludes any attempt by the Commission to award additional points to a civil service applicant on the basis of residence within the City of Port Arthur. As a result, we need not address whether the local rule is also precluded by section 150.021(a) of the Local Government Code.

## S U M M A R Y

A local civil service commission may not adopt a rule that awards additional points to an applicant on the basis of residency within the municipality.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee