February 7, 2011

The Honorable Royce West
Chair, Committee on Intergovernmental
    Relations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0842

Re: Whether a local civil service commission may impose a fee for an applicant to take a fire department promotional civil service examination (RQ-0912-GA)

Dear Senator West:

You ask whether a local civil service commission may impose a fee for an applicant to take a fire department promotional civil service examination.[1]

A civil service commission must "provide for open, competitive, and *free* entrance examinations to provide eligibility lists for beginning positions in the fire and police departments." TEX. LOC. GOV'T CODE ANN. § 143.025(a) (West 2008) (emphasis added). Promotional examinations are "open to each fire fighter who at any time has continuously held for at least two years a position in the classification that is immediately below, in salary, the classification for which the examination is to be held." *Id.* § 143.030(b). You ask whether a civil service commission may charge a fee for a fire department promotional examination. Request Letter at 2.

Unlike the case with entrance examinations, chapter 143 does not specify that a promotional examination shall be "free." Nevertheless, the absence of any statutory authority to impose a fee in this case precludes a commission from doing so because a local civil service commission "is not vested with the expansive authority of a home-rule city." Tex. Att'y Gen. Op. No. GA-0586 (2007) at 2. Therefore, a commission "has only such powers as are expressly granted to it by statute together with those necessarily implied from the authority conferred or duties imposed." *Stauffer v. City of San Antonio*, 344 S.W.2d 158, 160 (Tex. 1961).

A court "will generally not imply authority to impose a fee, and as such, a public entity other than a home-rule city may not charge a fee unless that fee is specifically authorized by law." Tex. Att'y Gen. Op. No. GA-0735 (2009) at 2; *see* Tex. Att'y Gen. Op. Nos. GA-0544 (2007) at 4 (a court strictly construes a statute imposing a fee and will not imply authority to impose a fee) (citing *Moore*

---

[1]Request Letter (*available at* http://www.texasattorneygeneral.gov).

*v. Sheppard*, 192 S.W.2d 559, 561 (Tex. 1946), DM-22 (1991) at 1 (public entity other than home-rule city may charge fee only when specifically authorized by law, and not by implication)); *accord* Tex. Att'y Gen. Op. Nos. JM-345 (1985) at 3, H-647 (1975) at 2, WW-1482 (1962) at 3.

Because a civil service commission lacks express statutory authority to impose a fee for an applicant to take a fire department civil service promotional examination, we conclude that a commission may not impose such a fee.

## S U M M A R Y

Because a civil service commission lacks express statutory authority to impose a fee for an applicant to take a fire department civil service promotional examination, a civil service commission may not impose such a fee.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee